[Crim. No. 3488.   Second Dist., Div. One.   Dec. 19, 1941.]

THE  PEOPLE,  Respondent,  v.  HARRY  L.  BARTON, Appellant.

Morris Lavine for Appellant.

Earl Warren, Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Respondent.

YORK, P. J.—Appellant and his co-defendant Florence George were jointly charged by an information with a violation of section 11036 of the Health and Safety Code of California, to-wit: possession of opium, a felony.   A jury trial was waived; appellant offered no evidence and the cause was submitted to the trial court upon the transcript of the preliminary hearing.   The charge against defendant George was dismissed in the interest of justice and appellant was

convicted of the illegal possession of a narcotic, as charged in the information. His motion in arrest of judgment was denied, whereupon appellant was sentenced to one year in the county jail. This appeal is prosecuted from the judgment of conviction upon the grounds: (1) The statute does not forbid and punish mere possession of a narcotic; (2) The information fails to state a public offense; (3) The statute is void for uncertainty.

The record reveals that shortly after his arrest, appellant accompanied the arresting officers to his apartment where he turned over to them an eight ounce bottle half full of opium solution, and also a small bottle of opium solution which was standing on his dressing table. Some time later, officers examined appellant's automobile and found therein a can of opium secreted in a built-in compartment under the back seat. The opium contained in the can was in gum form and was estimated to be approximately five ounces.

Respondent calls attention to the fact that ''Section 11036 of the Health and Safety Code of the State of California, under which appellant was charged in the instant case, was repealed by Statutes of 1940, Chapter 9, Section 7, which went into effect March 6, 1941, the date on which the information in the instant case was filed. The offense charged in the instant case that of possession of a narcotic, was reenacted by the Statutes of 1940, Chapter 9, Section 11160, as follows: ' . . . Except as otherwise provided in this division, no person shall possess . . . a narcotic except upon . . . written prescription . . . ' ''; and that since the offense charged was committed on or about the 18th of February, 1941, a date prior to said repeal and reenactment, the situation falls directly within the provisions of section 329 of the Political Code, to the effect that a repeal of any law creating a criminal offense does not constitute a bar to the indictment or information and punishment of an act already committed in violation of the repealed law.

The pertinent sections of the Health and Safety Code in effect on the date the charged offense was committed are:

''Section 11036. *Limitations on right to handle narcotics.* No person shall transport, sell, furnish, administer, or give away, or offer to transport, sell, furnish, administer, or give away, or attempt to transport, or have in possession any narcotics except as provided in this division.

"Section 11160. *Necessity for prescription.* No person shall transport, sell, furnish, administer, or give away, or offer to transport, sell, furnish, administer, or give away, or attempt to transport a narcotic except upon the written prescription of a physician, dentist or veterinarian licensed to practice in this State."

Appellant urges that a comparison of the two sections, above quoted, "reveals that a prescription is required for every act named in section 11036 *except the possession* of any narcotic," and that "nowhere in Chapter 3 is 'possession of a narcotic' mentioned until we reach section 11176," to-wit:

"No person shall obtain or possess a narcotic obtained by a prescription that does not comply with this division"; it being further urged by appellant that the language of this section simply "denounces the possession of a narcotic obtained by a prescription which 'does not comply with this division.' It does not purport to make it unlawful to possess a narcotic obtained otherwise than by a prescription."

Section 11160, *supra, does* expressly prohibit the possession of narcotics, because section 11036, *supra,* provides, as above noted, that no person shall *"have in possession any narcotics except as provided in this division."* Manifestly, then, the possession is unlawful at the outset and in any case, unless it can be shown to be otherwise under and by virtue of some exception contained in "this division." In other words, lawful possession is the exception. (Emphasis added.)

The judgment is affirmed.

Doran, J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 15, 1942.

Houser, J., and Carter, J., voted for a hearing.