[Crim. No. 3813. Second Dist., Div. One. Nov. 20, 1944.]

THE PEOPLE, Respondent, v. JOSEPH SWEENEY, Appellant.

Walter L. Gordon, Jr., for Appellant.

Robert W. Kenny, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

WHITE, J.—In an information filed by the District Attorney of Los Angeles County, defendant was accused of violating section 11160 of the Health and Safety Code of California, in that he did, on or about November 4, 1943, "willfully, unlawfully and feloniously" have in his possession "flowering tops and leaves of Indian Hemp (cannabis sativa)," commonly referred to as marijuana.

Following the entry of a plea of not guilty, the cause proceeded to trial before a jury, resulting in the defendant's

conviction of the offense as charged. From such judgment of conviction, he prosecutes this appeal.

As grounds for a reversal appellant relies solely upon the contention that the evidence is insufficient to support the verdict. We therefore set forth an epitome of the testimony presented at the trial. From the record, it appears that on the evening of November 4, 1943, four Los Angeles city police officers went to an apartment house located at 4207 Naomi Street to make an investigation. An apartment on the second floor was occupied by the defendant. On the evening in question, he entered the apartment house between 6:30 and 7:15 o'clock, turned on the light, and shortly thereafter extinguished the light and left by the front door of the apartment house. When the light was extinguished the officers approached the entrance to the apartment house. They observed the defendant come out of the door thereof, walk down the steps onto the private walk and toward the street. One of the officers who was acquainted with the defendant for some two years started toward him, whereupon the latter turned around and started running back toward the apartment house but angled off to the left onto the lawn. The defendant then "took approximately two running steps toward the entrance and then veered to the left approximately two steps, . . . his left arm slightly raised in a throwing position." In this position the defendant hesitated and the officer "grabbed him around his right arm and his left, pinning them to his waist." The defendant attempted to break away from the officer, but was subdued. One of the officers, who was standing a short distance away, observed the defendant raise his arm in a "jerking motion" and saw an object leave the defendant's hand and go over the hedge onto the southernmost portion of the driveway and bounce onto the lawn approximately three feet from the sidewalk. The police officer immediately picked it up and went over to the other officers who were holding the defendant. The object in question was a piece of scrap iron with five marijuana cigarettes attached to it by a rubber band and was introduced in evidence at the trial. The officer who picked up the cigarettes took them over to where the defendant and other police officers were, saying "I found some marijuana." Thereupon the officers proceeded, with the defendant, into the apartment house. The officers requested defendant to open the door, but he refused, whereupon one of

the officers took a key from the defendant and unlocked the front door.

The officers and the defendant then went to the latter's apartment, being accompanied by the landlord and landlady of the apartment house. The officers made a search of the defendant's room. No marijuana was found in the room itself, but on the window sill outside of the French window which opened inward to the defendant's room they found a tobacco can containing twenty-six marijuana cigarettes. At that time, Mrs. Green, the landlady, addressed the defendant, saying "J. C., I knew there was something wrong. These officers are right." She then proceeded to say that people coming up near the apartment house would whistle and then come up to the defendant's room. To these statements of Mrs. Green the defendant made no reply.

On the way to the police station, the defendant said to one of the officers, "Well, you were sure lucky tonight. I usually don't have anything on me. You must have some pretty good stool pigeons to tell you just where I keep my stuff. I had four guys approach me today, and I made them for stool pigeons right away. You will never get me for a sale." To which conversation, the officer replied: "You have been pretty lucky so far." And the defendant said "I have," to which the officer retorted, "You are a pretty wise guy aren't you?" and the defendant said "I guess I am." Subsequently, the officer had a conversation with the defendant in which he advised the latter that the police had the five cigarettes which the defendant had thrown away and also had the marijuana cigarettes that were found in the can on the window sill of the defendant's room. To this the defendant answered "That doesn't mean anything; you have some marijuana and you have me, you try to prove something."

Testifying in his own behalf, defendant stated that on the evening in question he was going to a baseball game, had returned to the apartment house to change his clothes and as he was leaving "four fellows grabbed me." He denied throwing any cigarettes up into the air or having any in his possession. He stated it was so dark he could not see anything and for that reason did not recognize his claimed assailants as policemen until after he had been handcuffed and gotten to his feet. He denied making the foregoing statements attributed to him by the officers.

There would seem to be no question about the sufficiency of the evidence to establish possession by appellant of the marijuana cigarettes. Indeed, he does not urge upon this appeal that the evidence taken as a whole is insufficient in any regard except as stated in his brief that there is ''no evidence presented wherein it could be inferred that the defendant had any knowledge of the contents of the cigarettes.'' A single authority only is cited by appellant in support of his position and that is section 20 of the Penal Code, which provides that in every crime or public offense there must exist a union and joint operation of act and intent, or criminal negligence. Therefore, urges appellant, he having no knowledge of the contents of the cigarettes could have had no intent to violate the law.

Research by us indicates that whenever appellant's contention in the instant case has been previously advanced it has been determined adversely to him in every instance. Neither intent nor knowledge is an element of the offense herein charged. The mere possession, except as authorized by the provisions of the Health and Safety Code, is a violation of the act. The statute defining the offense charged against appellant does not declare that either intent or knowledge is an ingredient thereof. It provides that the mere possession of the narcotic named in the information shall subject the possessor to the penalties prescribed therein. It is only where, from the language or effects of the penal law, a purpose to require the existence of such intent can be discovered that such an intent need be shown. In the case of *People* v. *O'Brien,* 96 Cal. 171, 176 [31 P. 45], there is contained an exhaustive discussion of the law of criminal pleading applying to cases of the character of the one with which we are here concerned. That appellant's contention is devoid of merit is also established by the cases of *People* v. *LeBaron,* 92 Cal.App. 550, 557 [268 P. 615, 269 P. 476]; *People* v. *Randolph,* 133 Cal.App. 192, 196 [23 P.2d 777]; *People* v. *Charlie Quong,* 5 Cal.App. 2d 137, 139 [42 P.2d 386]; *People* v. *Terrazas,* 42 Cal.App.2d 281, 282 [108 P.2d 680]; and *People* v. *Barton,* 48 Cal.App. 2d 565, 567 [119 P.2d 952].

 Furthermore, appellant's contention that he had no knowledge of the presence of the narcotic cigarettes on the window sill outside the French window which opened inward to his room merely created, at most, a conflict with the prima

facie case made out by the prosecution, including appellant's own statements and admissions, showing that the marijuana cigarettes were in his possession. This defense was for the consideration of the jury (*People* v. *Randolph, supra.*)

The judgment is affirmed.

York, P. J., and Doran, J., concurred.