[Crim. No. 1865. First Appellate District, Division One.—March 13, 1936.]

THE PEOPLE, Respondent, v. MATT GALLAGHER, Appellant.

John H. Corning for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

TYLER, P. J.—Appellant was charged by information with violation of the State Narcotic Act in having in his possession a preparation of morphine. It was also charged that appellant had suffered three prior felony convictions, one of which was a violation of the Harrison Narcotic Act. Appellant pleaded not guilty to the offense charged, but pleaded guilty to the prior convictions. The jury returned a verdict of guilty. The main contention of appellant is that the verdict is contrary to the law and the evidence. It is also claimed that the court erred in the admission of certain evidence.

There is testimony to show that certain police officers had been watching a particular residence in Redwood City where they suspected a delivery of morphine would be made. Appellant and his wife approached the residence in a Ford coupe. Narcotics were found upon the person of the wife. Both were arrested and taken to jail in Redwood City. The officers informed appellant that they had followed him all day and had witnessed him make deliveries of the morphine to various people. They accused him of being an extensive distributor of morphine and demanded that he give them information as to the location of his plant; that if he failed to do so they would visit the places where appellant had made deliveries and procure the information. Appellant, in order to protect his customers, thereupon referred the officers to a certain lodging house in San Francisco and furnished them with keys to the premises, instructing them at the same time to look in the mattress of the bed and they would find the morphine which appellant owned. The officers repaired to the designated premises and found the morphine in the place indicated. They interviewed a man and his wife who were the owners of the lodging house. The wife informed

the officers that the room where the morphine was found was rented by a woman who paid the rent for the first month. The husband testified that he received the second month's rent from a man. He was shown a photograph and recognized it as being that of appellant. At the trial both husband and wife refused to identify appellant, who denied that he had ever used the room.

In support of his contention that the verdict is contrary to law, appellant argues that the evidence is insufficient to show possession within the meaning of the law, as such possession must be personal and exclusively under the dominion and control of the person charged. It has been frequently held in this state that the possession denounced by the act need not be a personal one, it being sufficient if such possession is constructive, so long as it is immediate and exclusive and under the dominion and control of the violator. (*People* v. *Sinclair*, 129 Cal. App. 320 [19 Pac. (2d) 23]; *People* v. *Torres,* 5 Cal. App. (2d) 580 [43 Pac. (2d) 374].) Here, as above indicated, there is evidence to show that appellant directed the officers to the place where he had the narcotics concealed and gave them the keys to obtain entrance to the premises. There is also evidence that appellant admitted the morphine contained in the room to be his. This evidence is amply sufficient to support the verdict.

The further argument is made that unlawful possession may not be sustained for the reason the evidence shows that another person had equal right and facility of access to the premises. The principle invoked can afford appellant no relief. There is testimony to the effect that appellant admitted the narcotics belonged to him.

After appellant's arrest he became a fugitive from justice and was located in Salt Lake City, where he was apprehended and returned to San Francisco for trial. The court permitted evidence of flight, which act is assigned as error for the reason that there was no evidence to prove appellant was listed as a fugitive, nor to prove that any attempt had ever been made to notify appellant to appear for further proceedings, nor to prove that the case had ever been called in court when appellant was absent. Had objection been made to the question, proof of these facts might have been supplied. No objection having been made appellant is in no position to complain of the admission of the evidence.

■ And finally, appellant claims that the court erred in receiving evidence that impeached respondent's own witnesses. The owners of the lodging house refused at the trial to identify appellant as the person who paid rent for the premises. The prosecution then recalled the police officer who testified that he had shown the owners a photograph of appellant and they identified him as the man who paid the second month's rent and who had occupied the room in question. The prosecution was taken by surprise by the refusal of the witnesses to identify appellant. The prosecution had a right to suppose the witnesses would adhere to the statements made to the officers, and being taken by surprise at their refusal to do so, the district attorney had a right to show that they had made contrary statements. Moreover, even assuming that no proper foundation had been laid for the question, the admission of the evidence does not constitute reversible error, for a reading of the entire record, including the evidence, shows that there has been no miscarriage of justice.

The judgment is affirmed.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 27, 1936, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 10, 1936.