[Crim. No. 2404. First Dist., Div. Two. Aug. 29, 1946.]

THE PEOPLE, Respondent, v. GEORGE BLEDSOE, Appellant.

Gladstein, Andersen, Resner, Sawyer & Edises for Appellant.

Robert W. Kenny, Attorney General, David K. Lener, Deputy Attorney General, Edmund G. Brown, District Attorney, and Elton Lawless, Assistant District Attorney, for Respondent.

NOURSE, P. J.—The defendant was tried to the court sitting without a jury upon an information filed under section 11160 of the Health and Safety Code charging that he "feloniously had in his possession a preparation of marihuana." He was convicted and given the minimum sentence of 90 days in the county jail.

The defendant was employed as leader of a small band at a restaurant located at 1650 Post Street, which is in what is known as the Negro district of San Francisco. His time of

employment was from 6 p. m. to midnight with rehearsals from 2 to 6 p. m. He customarily parked his automobile in front of the restaurant. At about 6 p. m. of July 3, 1945, his car was missing and he reported to a near-by police station. He was told to do nothing further as the car might have been taken by a friend. Early the following morning he found the car parked near where he had left it and went to his room to sleep. The following afternoon he reported for work and while seated in the car with a friend in front of the restaurant two police officers approached him and inquired about the ownership of the car and the circumstances of a robbery in Oakland the previous night in which a car similar to his had been used. He was directed to wait and two other officers were called. One of the latter ordered him to drive his car to a garage and rode with him all the way. What became of the "friend" does not appear. The defendant was handcuffed and while the other officers had some difficulty in adjusting or removing the handcuffs the officer who had ridden with defendant searched his car. He found a package of marihuana cigarettes on the right hand side of the front seat stuffed down alongside the cushion. He said to the defendant, "Look what I found," and the defendant answered, "Whatever it is, it doesn't belong to me."

The police officer who rode with defendant to the garage was the only witness called by the state. The defendant was the only witness testifying for the defense. The evidence as a whole is incomplete and far from convincing. The officer testified on direct examination that when he first approached the car it was locked. Then he testified that he thought it was locked. The defendant testified that when the two officers first drove up he and a friend were seated in the car. These officers were both in court but were not called as witnesses. The state did not deny that the defendant and a friend were sitting in the car when the first two officers apprehended the defendant, or that one of the officers rode in the car with defendant to the garage. It did not deny that the defendant had reported the theft of the car on the night preceding the arrest, and admitted that another party who had been convicted of a robbery in Oakland had testified that he had used the defendant's car in that and other robberies.

The appellant grounds his appeal on the failure of the state to prove knowledge and possession. The respondent

rests the case upon the failure of the appellant to call other witnesses to substantiate his testimony, and upon the inference, which in this case is a mere suspicion, that, because the appellant had in his possession the key to the car, he must have had "possession" of the narcotic.

It may be conceded that the story of the appellant seems highly fantastic, but the state had the witnesses and the records to disprove the essential parts of the story and failed to do so. This is not, however, a case where the finding of the trial court is conclusive because of conflicting evidence, but it is one of a failure of the state to prove the essential elements of the crime. Since the undisputed evidence shows that the car in which the drug was found had been used by another in the perpetration of a robbery in another city, that appellant had not used it since it had been returned, that others beside appellant had occupied the car at the time of and immediately following the arrest, the evidence wholly fails to show appellant's knowledge "of the presence" of the drug to justify a finding of "knowledge" to satisfy the terms of the statute.

The case is controlled by *People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433], where, in an exhaustive opinion, the previous cases on the question of possession and knowledge are carefully reviewed. It would serve no purpose to add to the discussion here. It is sufficient to quote that part of the opinion reading (p. 455) :

"The distinction which must be drawn, from a reading of the foregoing authorities, is the distinction between (1) *knowledge of the character of the object and the unlawfulness of possession thereof* as embraced within the concept of a specific intent to violate the law, and (2) *knowledge of the presence of the object* as embraced within the concept of 'physical control with the intent to exercise such control,' which constitutes the 'possession' denounced by the statute. It is 'knowledge' in the first sense which is mentioned in the authorities as being immaterial but 'knowledge' in the second sense is the essence of the offense."

All the authorities upon which respondent relies, and which are reviewed in the Gory case, contained some evidence from which the inference could be "fairly" drawn that the defendant had knowledge of the "existence" of the drug at the place where it was found. Here there is no such evidence,

and though the suspicion may be great, the evidence fails to prove the essential element of knowledge mentioned in the Gory case.

The judgment is reversed and the cause remanded for a new trial.

Goodell, J., and Dooling, J., concurred.