[Crim. No. 4070. Second Dist., Div. Two. Dec. 12, 1946.]

THE PEOPLE, Respondent, v. MANUEL CASAS et al., Defendants; JESSIE CASAS, Appellant.

Max Solomon for Appellant.

Robert W. Kenny, Attorney General, and Bayard Rhone, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of violating section 11500 of the Health and Safety Code (unlawful possession of opium), after trial before the court without a jury, defendant appeals. There is also an appeal from the order denying her motion for a new trial.

The evidence being viewed in the light most favorable to the People (respondent) and pursuant to the rules set forth in *People* v. *Pianezzi*, 42 Cal.App.2d 265, 269 [108 P.2d 732], the essential facts are:

On April 11, 1946, defendant Jessie Casas, who admittedly had used narcotics on occasions, was found in a room with four other people. The police gained entrance to the room by forcing open the door. After the police entered the room, there fell from a sweater or jacket of a woman occupant, other than defendant, a case containing hypodermic needles. Thereupon the officers took all parties out of the room and placed them in a police car. The police car was driven to Lincoln Heights station, and after the persons had been removed from the police car two jars of opium were found in it. The police told defendant that they were going to have her searched by a police matron; whereupon she stated that if she had anything she might as well give it to them. She then took from her brassiere a jar containing gum opium. Defendant stated that she had gone to the room in which she had been arrested to see her husband with whom

she was not living; that they had gone to dinner and returned to the room about 11:30 just before the police officers knocked. She also said that her husband, one of the occupants of the room, had put the jar in her brassiere upon hearing the knock at the door. Defendant disclaimed any knowledge of the contents of the jar.

Defendant urges reversal of the judgment on this proposition:

*There is not any substantial evidence to sustain the implied finding of the trial court that defendant knew that the contents of the jar placed in her clothing by her husband was opium.*

This proposition is untenable. It was a question of fact for determination of the trial court from all of the evidence as to whether defendant knew that the jar in her possession contained opium. (*People* v. *Gory,* 28 Cal.2d 450, 457 [170 P.2d 433].)

In view of the evidence set forth above, the trial court was fully justified in drawing the inference that defendant knew that the jar that her husband had given her contained opium. According to her own admissions she had on several occasions used narcotics with her husband. The fact that she concealed the jar also gave rise to the inference that she had a guilty knowledge of its contents. (*People* v. *Gory, supra.*)

*People* v. *Bledsoe,* 75 Cal.App.2d 862 [171 P.2d 950], relied on by defendant is factually distinguishable from this case. In the cited case the evidence wholly failed to show defendant's knowledge of the presence of marihuana in his car, it being conceded that defendant's automobile in such case, in which the drug was found, was used by others in the perpetration of a robbery in a different city from that in which defendant lived and that defendant had not used his car since it had been returned.

Since the record is free from error the judgment and order should be affirmed.

It is so ordered.

Moore, P. J., and Wilson, J., concurred.