[Crim. No. 4187.   Second Dist., Div. Three.   Mar. 16, 1948.].

THE PEOPLE, Respondent, v. ANITA HOFF, Appellant.

Ray L. Smith for Appellant.

Fred N. Howser, Attorney General, and John F. Hassler, Deputy Attorney General, for Respondent.

SHINN, Acting P. J.—Carl August Hoff and Anita Hoff, husband and wife, were convicted in a court trial of the possession of marijuana (Indian hemp) in violation of section 11500, Health and Safety Code, and Anita Hoff appeals from the judgment.   The sole ground of appeal is that the evidence was insufficient in law to prove commission of the offense by appellant.

Appellant is a night club singer; her husband is her manager; they lived in an apartment in Hollywood, but they also had a home in the San Fernando Valley which they had owned for about two years and where they spent a part of their time.   The house was furnished and had one bedroom in which they kept some of their clothing.

One Polcuch, an agent of the Federal Narcotics Bureau, and a police officer from the Los Angeles Police Narcotic Detail, contacted Carl Hoff in Hollywood, told him they wanted to question his wife concerning a report that she had marijuana in her possession, were taken by Hoff to the valley home of the parties and there interviewed Mr. and Mrs. Hoff. Officer Polcuch testified that he questioned appellant as to whether she had any marijuana on the premises, that she denied that there was any marijuana in the house and invited him to search the premises. He searched a bureau, in which he found ladies' garments and personal effects, among them a Toni permanent wave carton and in this carton a package of cigarette papers and a small paper sack that contained what was identified by another witness as marijuana. He further testified that he asked appellant why she had not told him that the marijuana was in the house and that she replied: ''I didn't think that was important enough,'' and further, ''we got the stuff from a fellow last September and it has been in the house since that time''; that he asked the man's name and that both defendants said that they had purchased it from a man named Dave. The witness also testified that defendant Carl Hoff stated that he had tried smoking marijuana about a year before and that he had not touched it since; that he would have told the officers that the marijuana was in the house if he had thought it would involve only him, and that he told his wife that if there was any more of it around the house to give it to the officers. Another witness, J. A. Allen, a chemist attached to the Los Angeles Police Department, testified as an expert that the bag contained marijuana, or Indian hemp. Another police officer, who was present when the premises were searched, testified that the bag and contents identified by Allen had been received by the witness from Officer Polcuch and delivered to Allen. Appellant and her husband denied having any knowledge that there was marijuana in the house, and appellant testified that while the box had been in the bureau drawer with some summer clothes she had put away she did not know that it contained marijuana, and that she had never used it. She denied having told the officer that they had purchased marijuana from a man named Dave. Carl Hoff testified that he asked Officer Polcuch if it would help any if he said that they had acquired the marijuana from a fellow named Dave, and his explanation of this

question was that the officer said they were more interested in discovering the seller than in prosecuting Hoff and his wife. Certain other witnesses testified that many parties were given at the valley home of defendants, some of them while neither of the defendants was present. It was also in evidence that a young man named Freer was living in the house while he was looking for a job, and was doing some work about the house for the defendants. Carl Hoff testified that the doors of the house were never locked.

The defense consisted of denials by defendants that they had knowledge of the presence of the marijuana, together with evidence of circumstances which would have rendered it easy for some other person to place it in appellant's bureau drawer. It is insisted that there was no evidence that defendants had knowledge of the presence of marijuana but this argument disregards the testimony of Officer Polcuch that both defendants admitted having purchased it from "a fellow named Dave." Although defendants denied having made the statement, it must be presumed that the court believed the testimony of the officer. If believed, this testimony was sufficient to prove that defendants had knowledge of the nature of the material, as well as of the presence of it in the house. At least as to appellant, the presence of the marijuana in her bureau drawer, among her personal effects, was sufficient evidence of possession of it by her, and would have justified an inference that she had knowledge that it was there. (*People* v. *Gallagher*, 12 Cal.App.2d 434 [55 P.2d 889]; *People* v. *Gibson*, 64 Cal. App.2d 537 [149 P.2d 25]; *People* v. *Bassett*, 68 Cal.App. 2d 241 [156 P.2d 457].)

The judgment is affirmed.

Wood, J., and Vallée, J. pro tem., concurred.