[Crim. No. 4496.   Second Dist., Div. Two.   Oct. 17, 1950.]

THE PEOPLE, Respondent, v. JUANITA RUMLEY, Appellant.

Joseph T. Forno for Appellant.

Fred N. Howser, Attorney General, and Donald D. Stoker, Deputy Attorney General, for Respondent.

MOORE, P. J.—Appellant was convicted of the crime of having in her possession cannabis sativa, the flowering tops and leaves of Indian Hemp, commonly known as marijuana. She was convicted by a jury and the court denied her motion for a new trial. She appeals from the judgment and from the order denying her motion for a new trial on the ground that the evidence is insufficient to sustain the verdict.

On November 25, 1949, appellant rented a "bachelor" apartment in a building on Rampart Boulevard. She was accompanied by a man who represented himself to be her husband. They introduced themselves as Mr. and Mrs. R. C. Moore. This event occurred on the day of their marriage at Tijuana and they occupied the apartment on the following day. They were arrested at 11:30 o'clock in the evening of December 1 by Police Officer Eggenweiler in downtown Los Angeles. She informed the officer that she resided at a hotel on South Union Avenue. Having failed to find appellant to be an occupant at that address, the officer took a key and a rent receipt from her purse which indicated she was a tenant of the Rampart Building. Though she discussed the rent receipt, she withheld information as to whether she resided at the latter address. Accompanied by Agent Sweeney of the United States Secret Service and Officer Hooper of the Los Angeles police department, Eggenweiler proceeded to the Rampart Building about 1 o'clock on the morning of December 2 and with the aid of the manager of the building gained entrance into the apartment. There they found in addition to the normal furniture for such a place divers garments, each of which was searched by the officer. In the left outside pocket of a red coat hanging in the closet he found a sack containing a green leafy substance, six cigarettes, cigarette papers and a partially burned cigarette. He thereupon exhibited the contents of the sack to Agent Sweeney, and later in the day produced both coat and sack in a conference with appellant. In answer to his inquiry she promptly answered that the coat was hers, but when asked about the brown sack

taken from its pocket she declined to answer "until I see my attorney." Eggenweiler sealed the sack and contents in a manila envelope and preserved them as evidence. The forensic chemist subjected them to an analysis and found them to contain 5 grams of marijuana. There was lipstick on the partially burned cigarette.

Appellant's only defense was that she and her husband held "open house" in their apartment after they returned from Tijuana and that the red coat had been left by a departed guest.

Section 11500* of the Health and Safety Code forbids the possession of any narcotic except upon the written prescription of a person licensed to prescribe it. Marijuana is included among narcotics. (Health & Saf. Code, § 11001h.)

Appellant contends that there is no evidence that she knowingly possessed the narcotic, citing *People* v. *Gory*, 28 Cal.2d 450 [170 P.2d 433]; *People* v. *Martin*, 76 Cal.App.2d 317 [172 P.2d 910]; *People* v. *Bledsoe*, 75 Cal.App.2d 862 [171 P.2d 950]. However, in the Gory case it was pointed out that there is a distinction between knowledge of the character of the object and the illegality of possession thereof on the one hand, and knowledge of the presence of the forbidden object as embraced within the concept of physical control with the attempt to exercise such control on the other. The latter is the possession denounced by the statute. Knowledge of the presence of a narcotic as being under one's physical control is the essence of the offense.

In order to justify a conviction the jury must be convinced that the party accused of having a narcotic in his possession on his premises or within reach of his habitation must have no more than knowledge of the presence of such narcotic and that such knowledge is the essence of the crime of possession. (*People* v. *Gory, supra*, p. 455.)     The issue as to whether an accused had knowledge of the presence of the narcotic in his clothing, sleeping apartment or automobile, is one for the determination of the trial court and its finding when supported by substantial evidence will not be reversed. (*People* v. *Casas*, 77 Cal.App.2d 255, 257 [175 P.2d 19].)     Possession of a narcotic as in the case of any other personal prop-

*"Except as otherwise provided in this division, no person shall possess, transport, sell, furnish, administer or give away, or offer to transport, sell, furnish, administer, or give away, or attempt to transport a narcotic except upon the written prescription of a physician, dentist, chiropodist, or veterinarian licensed to practice in this State."

erty is established when it is shown that the person accused had physical control thereof with intent to exercise such control, or having had such physical control, has not abandoned it and no other person has that possession. (*People* v. *Bassett*, 68 Cal.App.2d 241, 247 [156 P.2d 457]; Rest. Torts, § 216.)

That appellant had possession of the narcotic is established by the foregoing principles and by the evidence received against her. Within one week after appellant and her intended husband rented the apartment under assumed names and while they were occupying it as their home she attempted to deceive the arresting officer as to the location of her abode. Although she discussed with him the rent receipt which he found in her purse she offered no excuse for her previous statements about her address except to explain that she had lived at the Union Avenue address before her marriage and her family had not been informed of such marriage. It was an inference fairly drawn by the jury that her false statements were made in order to hinder the officers from finding her narcotics. False statements made for the purpose of misleading an officer or warding off suspicion are indicative of a consciousness of guilt. (*People* v. *Anderson*, 90 Cal.App.2d 326, 333 [202 P.2d 1044].)

When the officer presented her with the red coat she admitted that it was hers but declined to answer anything concerning the brown sack and its contents. She did not deny knowledge of such items. From her refusal to answer concerning them it was a fair inference that she knew of their incriminating nature. Possession of the marijuana by appellant having been established, her refusal to identify it constitutes substantial proof that she knew of the narcotic qualities of the cigarettes and that their possession is forbidden by law. (*People* v. *Physioc*, 86 Cal.App.2d 650, 652 [195 P.2d 23]; *People* v. *Carlton*, 83 Cal.App.2d 475, 477 [189 P.2d 299].) Presence of marijuana in appellant's coat pocket found in the closet of her home was sufficient evidence of its possession and control and justifies the inference that she had knowledge that it was there. (*People* v. *Hoff*, 84 Cal.App. 2d 398, 400 [190 P.2d 616].) Neither intent nor knowledge that it was marijuana is an element of the offense. The statute provides that the mere possession of marijuana shall subject the possessor to the penalties prescribed. (*People* v. *Sweeney*, 66 Cal.App.2d 855, 859 [153 P.2d 371].)

Appellant after admitting ownership of the red coat to the officer attempted to repudiate such admission and to establish that the red coat was the property of another. The jury justifiably did not believe her testimony but chose to believe her admission as given in evidence by Officers Eggenweiler and Sweeney. The admissions of a defendant against interest are competent proof upon his trial for a crime. (*People* v. *Lindsey*, 90 Cal.App.2d 558, 565 [203 P.2d 572] ; *People* v. *Mason*, 65 Cal.App.2d 5, 10 [149 P.2d 742].)

Appellant attempts to make capital of discrepancies in the testimony of the witness Eggenweiler and of the fact that the evidence against her is the uncorroborated testimony of police officers. Such arguments are classic and conventional. Courts have too repeatedly explained that the determination of the credibility of witnesses and the truth or falsity of facts put in evidence are matters for the jury to resolve and when fairly determined will not be upset on appeal. (*People* v. *Campbell*, 80 Cal.App.2d 798, 800 [182 P.2d 626] ; *People* v. *Yankee*, 79 Cal.App.2d 431, 435 [179 P.2d 582].)

Judgment and the order denying a new trial are affirmed.

McComb, J., and Wilson, J., concurred.