[Crim. No. 4822. Second Dist., Div. One. Oct. 27, 1952.]

THE PEOPLE, Respondent, v. BONNIE FALK, Appellant.

Joseph T. Forno for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WHITE, P. J.—Defendant was accused in an information filed·by the district attorney of Los Angeles County with a violation of Health and Safety Code, section 11500, in that she had in her possession *cannabis sativa,* commonly known as marijuana.

Following the entry of a plea of not guilty the cause proceeded to trial before a jury which found her guilty as charged. Following denial of a motion for a new trial judgment was pronounced.

Defendant prosecutes this appeal "from the judgment and verdict . . . and from the denial of defendant's motion for a new trial . . . and from the sentence rendered . . ." ▉ Since no appeal is authorized from the verdict and sentence, the purported appeal therefrom must be dismissed (Pen. Code, § 1237; *People* v. *Tallman,* 27 Cal.2d 209, 215 [163 P.2d 857]).

The factual background surrounding this prosecution may be thus epitomized: On the night of July 25, 1951, Police Officer Diaz along with other officers was admitted to Apartment 8 in an apartment building located at 1144 South Sierra Bonita,'by one Jerrott Shepherd. A few minutes later, the defendant entered the apartment. The officers searched the apartment, and on the top shelf of a closet, among other articles, Officer Diaz found a red purse containing a brown paper partially smoked cigarette containing a green leafy substance which was, in the opinion of a chemist who examined it, marijuana.

Officer Diaz asked the defendant if anybody lived in the apartment other than herself, and she stated that no one else did. He asked her if the partially burned cigarette which he had found belonged to her, and she said that she did not know anything about it. He asked her how she accounted for its being in her purse, and she said, "Well, if it is in my purse it is mine." Officer Kennedy asked her if she smoked marijuana and she said that she did, and she started

doing so about two years previously. She said that she had not used the purse for about a year.

Sworn as a witness in her own behalf, the defendant testified that she had been living at the address where she was arrested for about a month prior to the arrest. On the night of July 25th, Officer Diaz showed her a red purse and asked if it was hers. She told him that it was, and he pulled the pocket of the purse back and showed her the brown cigarette. He asked her what it was, and she told him that she didn't know. She had had the purse for about two years, but had not used it since the previous Christmas, when she had been given a new red bag. She had moved three times since the previous Christmas, and although she lived alone most of the time, girl friends would stay with her sometimes, and would sometimes stay in her apartment when she was gone. They borrowed her clothes, and one Ellen Stout had used the red bag in June. Defendant further testified that Officer Diaz had asked her about the cigarette, "wanting her to say that it was hers," but she told him it was not and that she didn't know anything about it. He asked her to suggest someone to whom it could belong, and she told him she could not think of anybody. She said, "It is in my bag." That he asked her about smoking marijuana and she told him that she did not have any marijuana; that she did not have any use for it, and wouldn't have it in her possession. That she did not smoke marijuana, and she told Officer Diaz that she did not. That the cigarette was not hers, she did not put it in the bag, and she did not know that it was there.

Appellant's sole contention on appeal is that the evidence is insufficient to establish knowledge of the presence of the marijuana in her apartment as required by the statute and judicial decisions interpreting it.

The instant case is controlled by the case of *People* v. *Gory,* 28 Cal.2d 450 [170 P.2d 433], wherein our Supreme Court exhaustively reviewed the questions of possession and knowledge, and thereupon said at page 455, "The distinction which must be drawn, from a reading of the foregoing authorities, is the distinction between (1) *knowledge of the character of the object and the unlawfulness of possession thereof* as embraced within the concept of a specific intent to violate the law, and (2) *knowledge of the presence of the object* as embraced within the concept of 'physical control with the intent to exercise such control,' which constitutes

the 'possession' denounced by the statute. It is 'knowledge' in the first sense which is mentioned in the authorities as being immaterial but 'knowledge' in the second sense is the essence of the offense."

Before we would be authorized to set aside the judgment and order in this cause on the ground of insufficiency of the evidence, "It must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below . . ." (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]) that appellant had knowledge of the presence of the marijuana "as embraced within the concept of 'physical control with the intent to exercise such control' " (*People* v. *Gory, supra,* p. 455) which is the very essence of the offense charged against her.

Appellant's argument that she had no such knowledge disregards the testimony of Officers Diaz and Kennedy that she stated in response to a question propounded by them, "Well, if it is in my purse, it is mine." Appellant also told the officers that she resided in the apartment alone and that she had been smoking marijuana for about two years. True, appellant at the trial denied having made the aforesaid statements, but appellate courts are not authorized to review evidence except where on its face it may justly be held that it is insufficient to support the ultimate issue involved, in which case it is not a review of a question of fact, but purely one of law. Furthermore, the Legislature has ordained that the jury is the exclusive judge of the credibility of witnesses (Code Civ. Proc., § 1847), and is the judge of the effect and the value of evidence addressed to it, except in those instances where it is declared by the law that it shall be conclusive proof of the fact to which it relates (Code Civ. Proc., § 2061). And, as a necessary corollary of the rules above noted, the jury in this case was authorized, if it conscientiously felt warranted in so doing after full and fair consideration thereof to reject the testimony of appellant which was contradictory to that given by the officers.

The testimony of the officers if believed by the jury, as presumptively it was, sufficiently established that the appellant had knowledge of the nature of the cigarette, as well as of its presence in her apartment (*People* v. *Casas,* 77 Cal.App.2d 255, 257 [175 P.2d 19]; *People* v. *Hoff,* 84 Cal.App.2d 398, 400 [190 P.2d 616]; *People* v. *Bigelow,* 104 Cal.App.2d 380, 385 [231 P.2d 881]).

 Since there is testimony that appellant admitted the marijuana belonged to her, the fact that she testified that other persons had equal facility of access to the apartment in question can afford her no relief (*People* v. *Gallagher*, 12 Cal. App.2d 434, 436 [55 P.2d 889]).

For the foregoing reasons, the attempted appeal from the verdict and sentence is dismissed. The judgment and the order denying defendant's motion for a new trial are and each is affirmed.

Doran, J., and Drapeau, J., concurred.