[Crim. No. 2889.   First Dist., Div. Two.   Sept. 18, 1953.]

THE PEOPLE, Respondent, v. HILL HULING et al.,
Appellants.

C. L. Shinn for Appellants.

Edmund G. Brown, Attorney General, and David K. Lener,
Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendants Huling and Holloway were
tried jointly to a jury on an information framed in two counts
—one for the possession of heroin; the other for possession of
marijuana.   Both were found guilty on both counts.   Both
were given consecutive sentences in the state penitentiary.
Appeals were taken by both from the judgment and from
the order denying a new trial.   Holloway failed to perfect
his appeal and it was duly dismissed under rule 17(a) Rules
on Appeal.

Huling's appeal cites no error at law—it is devoted entirely
to the question of the sufficiency of the evidence.   In such cir-
cumstances we are required to view the evidence most favor-
ably to the State and will state the facts on that basis.

The defendants were joint tenants of a room in San
Francisco.   At about 11 p. m. of January. 5, 1952, a police

officer entered the room and found quantities of both drugs hidden in the pockets of various articles of clothing hanging in a closet owned by both defendants. They also found some in a cabinet used jointly by both defendants. Huling returned to his room at 2:30 a. m., was taken into custody, and both defendants in the presence of each were questioned as to the ownership of the drugs and of the articles of clothing in which they had been found. Huling remained mute. ' Holloway denied possession of the drugs and of the clothing in which they were found. Both admitted joint occupancy of the room and of the clothes closet and both had a key to the outer door.

While confined in the county jail awaiting trial, and while Holloway was at liberty on bail, Huling wrote letters to Holloway confirming an oral agreement which they had made when in the jail whereby Huling agreed to take full responsibility for the crimes for which Holloway agreed to pay him $200 and $20 or $30 a month during his imprisonment. Later, on advice of counsel, Huling repudiated the agreement. But he freely admitted it during the trial.

The evidence is sufficient to sustain the verdict. The joint occupancy of the room which was the only place of residence of both, the joint use of the clothes closet, and the ownership of the several pieces of wearing apparel in which the narcotics were found, and the agreement with his codefendant to pay him for assuming full responsibility was all the evidence necessary to support the jury's verdict. Sufficient by way of authority are: *People* v. *Bassett,* 68 Cal.App.2d 241, 246 [156 P.2d 457]; *People* v. *Rumley,* 100 Cal.App.2d 6, 8-9 [222 P.2d 913]; *People* v. *Torres,* 98 Cal.App.2d 189, 193 [219 P.2d 480].

Judgment and order affirmed.

Goodell, J., and Dooling, J., concurred.