[Crim. No. 5532.    Second Dist., Div. One.    Apr. 23, 1956.]

THE PEOPLE, Respondent, v. HAROLD DOUGLAS et al., Defendants; NORMA GRAYBEAL, Appellant.

34

David Silverton for Appellant.

Edmund G. Brown, Attorney General, and Patrick T. McCormick, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the district attorney of Los Angeles County, appellant and one Harold Douglas were charged with a violation of section 11500 of the Health and Safety Code of this state. Defendant Douglas pleaded guilty to the charge while appellant entered a plea of not guilty. When the cause was called for trial as to the latter, an amended information was filed charging a prior conviction, that of violation of the aforesaid Health and Safety Code section, a misdemeanor. Appellant stated her true name to be Norma Graybeal in place of Norma Biederman. To the amended information appellant pleaded not guilty and denied the prior conviction. Trial by jury was waived and pursuant to stipulation the People's case was submitted on the transcript of the preliminary hearing, the exhibits admitted at the preliminary hearing were admitted, and both sides reserved the right to put on additional evidence. Evidence was offered by defendant and the People presented testimony in rebuttal. Appellant was adjudged guilty. Application for probation was filed and upon the hearing thereof, the prior conviction alleged in the information was stricken, probation was denied, and appellant was sentenced to imprisonment in the county jail for the term of one year. From the judgment, the order denying her motion for a new trial, and from the sentence, appellant prosecutes this appeal.

An appeal from the sentence is not authorized by law and must be dismissed (*People* v. *Willey,* 128 Cal.App.2d 148, 152 [275 P.2d 522]).

We regard the following as a fair epitome of the factual background surrounding this prosecution. Officer George L. Moeller, a Los Angeles policeman, arrested defendant and others on April 19, 1955, at 1249 East 28th Street. Officer Moeller had gone to the rear of this address and at the time his fellow officer attempted to enter the front door thereof he observed one of the room's occupants, not this defendant,

come out the back door. He observed this person drop a box containing numerous items. Officer Moeller identified People's Exhibit 1a as the items dropped by this person. He handcuffed the latter and then went into the room where the arrests were made. Material found within the room, including People's Exhibit 1a, were introduced as exhibits and identified as marihuana.

Within the room there was an open purse which was on a dresser. The defendant admitted the purse in question was her property. Officer Moeller glanced in the purse to ascertain if it contained a weapon. He also handed the defendant a cigarette from a package in the purse. The officer, however, indicated he did not make a thorough search of the purse.

In her testimony the defendant contended that a search of the purse was made at the time of arrest. Harold Douglas, a witness for the defense, denied seeing the officers search the purse.

Officer Moeller gave the purse to Officer Mecklenburg to take to the police station. This was done because of the danger of a purse being used as a weapon by one in custody. The purse was closed at all times while in Officer Mecklenburg's custody.

At the police station the defendant asked for a cigarette from her purse. Officer Moeller handed the purse to the defendant.

She reached into the purse and from it took two brown wrapped cigarettes which she threw on the desk in front of the officers. These cigarettes were identified as marihuana. The defendant made no statement regarding the presence of the marihuana at the time she took the cigarettes from her purse.

Appellant testified that at the time of her arrest she was seated in a room listening to the radio and consuming a drink. That her purse was open and lying on the dresser, and that the officers "looked through" the purse and stated at the time that they found no marihuana cigarettes therein. That en route to the police station the purse was in the possession of an officer in an automobile other than the one in which appellant was riding. She further testified that after arrival at the police station she wanted a cigarette and asked an officer to get her purse. That he handed it to her and "when I opened the purse up there were two marihuana cigarettes

lying on top of the thing.'' In answer to the question, ''Did you tell the officers that you didn't know—did they ask you if they were yours?'' appellant answered, ''I thought they had put them there.'' Appellant denied that she had any marihuana cigarettes in her possession in the room in question or that she had ever put any in her purse or had knowledge of their presence therein.

Appellant's sole contention on this appeal is that the evidence is insufficient to support the adjudication of guilt.

The case at bar is controlled by *People* v. *Gory*, 28 Cal. 2d 450 [170 P.2d 433], wherein our Supreme Court exhaustively reviewed the questions of possession and knowledge, and thereupon said at page 455, ''The distinction which must be drawn, from a reading of the foregoing authorities, is the distinction between (1) *knowledge of the character of the object and the unlawfulness of possession thereof* as embraced within the concept of a specific intent to violate the law, and (2) *knowledge of the presence of the object* as embraced within the concept of 'physical control with the intent to exercise such control', which constitutes the 'possession' denounced by the statute. It is 'knowledge' in the first sense which is mentioned in the authorities as being immaterial but 'knowledge' in the second sense is the essence of the offense.''

Before we would be authorized to set aside the judgment and order in this case on the ground of insufficiency of the evidence, ''It must be made clearly to appear that upon no hypothesis whatever is there sufficient substantial evidence to support the conclusion reached in the court below . . . '' (*People* v. *Newland*, 15 Cal.2d 678, 681 [104 P.2d 778]); that appellant had knowledge of the presence of the marihuana as embraced within the concept of ''physical control with the intent to exercise such control'' (*People* v. *Gory, supra*, p. 455) which is the very essence of the offense charged against her.

That the contraband was in appellant's purse is demonstrated by her own testimony that she took the marihuana cigarettes therefrom. While appellant's knowledge of the presence of marihuana in her purse must be shown, the fact that it was admittedly found in the purse among her other personal effects justified an inference that she had knowledge of its presence there. In other words, the court chose to believe the testimony of the police officers that at

no time, after they took the purse from the room in which appellant was present until she opened it at the police station, did they put any marihuana cigarettes into the purse.

As was said by this court in *People* v. *Falk,* 113 Cal. App.2d 857, 860 [249 P.2d 60], ". . . appellate courts are not authorized to review evidence except where on its face it may justly be held that it is insufficient to support the ultimate issue involved, in which case it is not a review of a question of fact, but purely one of law. Furthermore, the Legislature has ordained that the jury is the exclusive judge of the credibility of witnesses (Code Civ. Proc., § 1847), and is the judge of the effect and the value of evidence addressed to it, except in those instances where it is declared by the law that it shall be conclusive proof of the fact to which it relates (Code Civ. Proc., § 2061). And, as a necessary corollary of the rules above noted, the jury in this case was authorized, if it conscientiously felt warranted in so doing after full and fair consideration thereof to reject the testimony of appellant which was contradictory to that given by the officers. The testimony of the officers if believed by the jury, as presumptively it was, sufficiently established that the appellant had knowledge of the nature of the cigarette, as well as of its presence in her apartment. (Citing cases.)"

It is not within our province on an appeal to decide the case on the basis of what view we might have taken of the evidence were we sitting as triers of fact. We are limited to a determination of whether there is in the record any substantial evidence, contradicted or uncontradicted, to support the conclusion reached in the court below.

For the foregoing reasons, the attempted appeal from the sentence is dismissed. The judgment and the order denying defendant's motion for a new trial are, and each is affirmed.

Doran, J., and Fourt, J., concurred.