[Crim. No. 6342.   Second Dist., Div. Two.   Mar. 30, 1959.]

THE PEOPLE, Respondent, v. GEORGE ANTONIO MARTINEZ, Appellant.

George Antonio Martinez, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

HERNDON, J.—Convicted on two counts charging sale and possession of marijuana, appellant has presented to this court his contentions (1) that the evidence was insufficient to sustain the judgment on either count, and (2) that the arresting officers entered his apartment without a warrant and without reasonable cause, so that the ensuing search which resulted in the discovery of the contraband was illegal. We have reviewed the record and find that it contains abundant and convincing evidence of appellant's guilt. It also discloses the complete lack of merit in appellant's second contention.

On the evening of February 4, 1958, Inspector Conahan, who was in civilian attire and posing as an individual desiring to purchase marijuana, met appellant's codefendant Challender, and the two drove in the officer's car to 537 S. Parkview in Los Angeles, the address of an apartment occupied by appellant. At the time of their arrival, two other officers had the apartment under surveillance. The inspector had given Challender $12 with which to purchase a can of marijuana. Challender left the vehicle, walked across the street, and entered the premises at 537 via a driveway. About 15 minutes later he reappeared from the same driveway and upon reentering the car placed on the seat a package wrapped in newspaper saying "The man gave you a good can." It was subsequently proved that the package contained marijuana.

After leaving appellant's address, the inspector told Challender that he had friends coming in from Las Vegas who would be interested in a "two pound deal." Two days later, on the evening of February 6, 1958, Inspector Conahan again met Challender and told him that his friends from Las Vegas "would not come up with enough 'bread' [money] for a two pound buy" without being assured that he could deliver the marijuana and without seeing its quality. He explained that his friends were about 30 minutes away, and that he wanted a can to deliver to them, and that he would then come back and arrange for the two pounds. The inspector and Challender again drove to appellant's Parkview address, parking across the street. The inspector gave Challender one five dollar bill and seven one dollar bills. The serial numbers of the bills had been recorded, and the currency had been processed with a

fluorescent powder. Challender left the car and proceeded down the driveway. Another officer who had the premises under surveillance saw Challender enter appellant's apartment. A few minutes later Challender emerged from the apartment accompanied by appellant, who was wearing a "greyish" colored robe with a red stripe. At the entrance to the driveway Challender left appellant and reentered the inspector's car. Challender told the inspector that the man had said to drive around for about 10 minutes. At this point, another officer entered the car and Challender was placed under arrest. After driving to an adjacent street, the inspector asked Challender whether the two pounds were in the house. He answered that he didn't think so. The officers then inquired: "Is the money in the house? Did you give it to the connection George?" Challender replied, "Yes." They then asked "Why didn't you bring out the sample back?" and he replied, "Look, I don't want to testify against this fellow. I am not going to say anything. I would rather think it over. I am frightened." When the officers inquired "Does he have the can on hand?" Challender replied "I guess so. I don't know. I think he does."

While one of the officers remained with Challender, the other returned to the vicinity of appellant's apartment where he was joined by two other police officers. On approaching the entrance to appellant's apartment they found the door open but the screen door was closed. Observing appellant inside, one of the officers opened the screen door, announced that they were police officers and approached appellant who was wearing a robe. At that time appellant's left hand went into his robe pocket. The officer grabbed his left hand and said: "You are under arrest." The officer found in the left robe pocket a package wrapped in newspaper; the package contained a substance which proved to be marijuana. When appellant was asked: "Where did you get this" he replied "Oh, somebody left it here." When asked "Who else lives here" he answered "No one. Just myself."

Upon further search, the officers found currency lying on a dresser top. When asked whether this was his money, appellant answered in the affirmative. A comparison disclosed that the serial numbers on these bills corresponded with those on the bills which the officers had given to Challender. Appellant's hands were examined under a portable ultraviolet light and illuminations were observed on his hands. Appellant had not touched the processed currency while in the presence of the arresting officers.

Appellant, testifying in his own behalf, denied that he had ever dealt in marijuana and denied any knowledge of the presence of marijuana in the pocket of his bathrobe. Challender also testified in such a way as to exonerate appellant and incriminate himself. Among other things, he testified that he had placed the marijuana in the pocket of appellant's robe without appellant's knowledge, and that he had left the currency on the dresser.

The foregoing abbreviated recital of the evidence is deemed sufficient to show that it afforded a more than adequate basis for all the essential inferences which the trial judge drew from it. (*People* v. *Richardson*, 51 Cal.2d 445, 446-447 [334 P.2d 573] ; *People* v. *Winston*, 46 Cal.2d 151, 161 [293 P.2d 40].) The court could reasonably reject the patently questionable version of the transaction as testified to by appellant and Challender. ■ The undisputed fact that the narcotics were found in the pocket of appellant's robe justified the inference that appellant had knowledge of their presence despite his protestations of innocence. (*People* v. *Douglas*, 141 Cal. App.2d 33, 36 [296 P.2d 1] ; *People* v. *Physioc*, 86 Cal.App.2d 650, 652 [195 P.2d 23].) Moreover, appellant's act in reaching for the pocket of the robe as the officers approached him in itself would support an inference that he had knowledge of the presence of the package and its illegal nature. (*Cf. People* v. *Walker*, 121 Cal.App.2d 173, 175 [262 P.2d 640].) The testimony of appellant and Challender merely raised a conflict in the evidence, and the conflict was resolved adversely to appellant by the trier of fact. (*People* v. *Rumley*, 100 Cal. App.2d 6, 8-9 [222 P.2d 913] ; *cf. People* v. *Gory*, 28 Cal.2d 450, 457 [170 P.2d 433].) ■ The inferences reasonably to be drawn from the circumstances also support the judgment convicting appellant of offering to sell marijuana on February 6th. At a time when it is obvious that Challender, an admitted peddler, was unaware that he was dealing with police officers, he entered appellant's apartment and left there the marked money which the officers had given him. When arrested, appellant had possession of this marked money. In response to questioning by the officers, he made false statements as to its source and whether he had touched it. This conduct tended to indicate a consciousness of guilt. Rejecting Challender's testimony as an attempt to exonerate appellant, his conduct is explainable only on the basis of appellant's participation in a transaction involving the sale of contraband which included appellant's acceptance of the purchase money.

▇ There is no merit in appellant's contention with respect to the conduct of the officers in entering his apartment and in making the arrest and the incidental search. It is manifest that the arresting officers had knowledge of facts more than sufficient to justify their belief that appellant was engaged in the commission of felonious acts in the apartment in which he was arrested. The question is resolved by the trial court's supportable determination that the officers acted upon the basis of reasonable cause. (*People* v. *Winston, supra,* 46 Cal. 2d 151, 162-163.)

▇ Furthermore, appellant made no contention in the trial court that either the arrest, the search or the seizure was illegal, and he interposed no objection to the incriminating evidence which the search produced. For this additional reason, appellant's second contention must be regarded as unavailing. (*People* v. *Richardson, supra,* 51 Cal.2d 445, 447; *People* v. *Barnett,* 159 Cal.App.2d 22, 30 [323 P.2d 96].)

The judgment is affirmed and the purported appeal from the sentence is dismissed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied April 22, 1959, and appellant's petition for a hearing by the Supreme Court was denied May 28, 1959.