[Crim. No. 7704.   Second Dist., Div. One.   Feb. 5, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. RICHARD RODRIGUEZ GONZALES, Defendant and Appellant.

Donald R. Mizener for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and A. Douglas MacRae, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This is an appeal from a judgment of conviction of a violation of section 11530, Health and Safety Code (possession of narcotics).

In an information filed in Los Angeles County on December 23, 1960, the appellant, with Ralph Carillo Acuna and James Raymond Porter, was charged with the possession of marijuana on or about December 6, 1960. Porter made a motion under section 995 of the Penal Code, which was granted. Like motions were made by the appellant and Acuna. The motions were denied. Appellant pleaded not guilty and trial by jury was waived. Appellant was found guilty as charged and sentence was imposed.

A résumé of some of the facts is as follows: At or about 10:45 p. m. on December 6, 1960, a Monterey Park police officer and his partner saw a 1930 model Ford automobile travelling at a high rate of speed in a 35 mile per hour zone. The Ford car seemed to weave and its course was erratic. The officers followed the Ford onto the San Bernardino Freeway, where they saw the driver of the Ford car make unsafe lane changes. They thereupon, by evidencing that they were police officers, caused the Ford to come to a stop. Before the officers arrived at the stopped Ford car they had observed that the driver thereof disappeared from sight for a few seconds. The driver, Acuna, was asked what he had attempted to conceal when he was out of sight and he did not answer. One of the officers, upon looking into the Ford car, saw a brown paper sack extending from under the front seat and asked what was in the sack. There was no reply at first and then Acuna said in effect for the officer to look for himself and stated that it was "hot." Porter was seated to the right of the driver Acuna and appellant was seated to the right of Porter or, in other words, appellant was next to the front door on the right-hand side of the car. The officer, upon looking at the contents of the paper bag, arrested the three men for the possession of marijuana.

At the police station the Ford car was further searched and two marijuana cigarettes were found in the fold of a blanket which covered the front seat.

Among other statements made to the police, Acuna stated that appellant had come to his house and had told him of an easy way to make some money without working for it; that they were both hard pressed for ready cash and they had gone to Porter's home and then to Los Angeles where they had purchased some marijuana and headed back to Pomona, where

they intended to roll the raw marijuana into cigarettes and sell them. Acuna further stated that he gave the money to appellant to make the purchase of the marijuana in question.

One of the officers had a talk with appellant on December 7th and appellant's version of what occurred at the times in question was very different from Acuna's statements. Appellant was asked if he would give a statement to a secretary in accordance with his remarks and he answered in the affirmative. A secretary was called in and appellant dictated a statement to the secretary. When the statement so dictated was written up and brought back to him in form for signature appellant refused to sign it. Shortly thereafter appellant, Acuna and Porter were brought together. Porter refused to make any statement, and was taken back to his cell. The officer then talked with appellant and Acuna. At the trial the question was asked, ". . . [W]hat was the conversation from there on at the time?" The officer answered, "At this time Mr. Acuna stated that he did not want to take the rap alone, that Mr. Gonzales and Mr. Porter were in with him on this, and that he wanted to come clean, but he wanted them present. He stated to Mr. Gonzales, 'Lets tell them the truth, I don't want to take this rap alone,' to which Mr. Gonzales stated, 'All right, if we can get Porter back in here,' or words to that effect."

It was brought out in the examination of the appellant that he previously had been convicted in the federal court of a narcotics offense, namely, a felony (possession or sale of marijuana), although that offense was not alleged in the information.

Appellant now asserts that there was no showing that he had the possession of the marijuana in question, and that he had no knowledge of the marijuana found in the automobile.

This court does not have the power to disturb the findings of the trier of fact unless it can be said that as a matter of law there is no evidence to support the trial court. *People* v. *Redrick*, 55 Cal.2d 282, 284, 290 [10 Cal.Rptr. 823, 359 P.2d 255] ; *People* v. *Tedesco*, 1 Cal.2d 211, 219 [34 P.2d 467].

The presence of appellant in the front seat of the automobile where the narcotics were found is a circumstance which tends to support a finding that he was a principal. *People* v. *Le Grant*, 76 Cal.App.2d 148, 153 [172 P.2d 554].

Conduct of the parties, admissions or contradictory statements and explanations are frequently sufficient to show

knowledgeable possession of a narcotic. *People* v. *Foster*, 115 Cal.App.2d 866, 868 [253 P.2d 50].

The trial judge heard and saw the witnesses. From what was said and what he saw the judge came to the conclusion that the appellant possessed the marijuana and had guilty knowledge thereof. When Acuna said to the appellant under the circumstances and the setting which heretofore have been mentioned, ''Lets tell them the truth, I don't want to take the rap alone,'' and appellant replied, ''All right, if we can get Porter back in here,'' the trial judge did not believe that the reply of appellant was that of an innocent man under such circumstances. Certainly the statement of Acuna and the purport thereof was that Acuna was not the only guilty person in the transaction and that appellant was definitely involved therein, otherwise why would Acuna even talk to appellant about the matter. In effect Acuna said to appellant, Let's tell the truth about who were the owners and the possessors of the marijuana, so that I (Acuna) will not have to be the only one who suffers from a crime *we* have committed. To which appellant replied, in effect, All right, if we can get the third member of our group to tell the truth also and suffer the consequences with us.

There was an implied acknowledgment of appellant's guilty participation in the procuring and possession of the marijuana. His agreement that the truth might be revealed conditioned upon Porter's being brought into the room does not necessarily cancel out his own implied admission.

Admissions against interest are competent proof under the circumstances. *People* v. *Rumley*, 100 Cal.App.2d 6, 10 [222 P.2d 913]; *People* v. *Lindsey*, 90 Cal.App.2d 558, 565 [203 P.2d 572]; and *People* v. *Mason*, 65 Cal.App.2d 5, 10 [149 P.2d 742].

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.