ETHRIDGE, Chief Justice:
Willie Rogers Davis, appellant, was convicted of possession of marijuana in the Circuit Court of Lauderdale County, and was sentenced to four years in the state penitentiary. The indictment charged that he “did unlawfully, willfully and feloniously have in his possession and under his control marijuana.”
There is little conflict in the facts, and indeed, appellant does not contend that the jury’s verdict was. against the weight of the evidence. Rather he assigns as error the lower court’s denial of his request for a peremptory instruction on the following grounds: (a) The defendant was charged with possession of marijuana, a term possessing neither a scientific nor a statutory meaning. (b) Although defendant was convicted for the possession of a narcotic drug, the facts show that marijuana is not a narcotic drug.
Appellant does not contend that he was not in possession of marijuana. Thus the question presented involves a construction of the words used in the Uniform Narcotic Drug Act of 1962. Miss.Code 1942 Ann. §§ 6844-6866 (Supp.1966). The issue is whether or not this statute prohibits the possession of “marijuana.” Appellant contends that it does not, and points to the testimony of the state’s expert witness, an FBI chemist, who identified the substance found on defendant as being marijuana. He testified that marijuana is the common name for the chemical substance “cannabis sativa,” but that marijuana is not classified by chemists as a narcotic drug.
Code section 6845(13) (a), Mississippi Code 1942 Annotated (Supp.1966) defines “Narcotic drugs” as:
‘Coca leaves, opium, isonipecaine, cannabis, and every other substance neither chemically nor physically distinguishable from them, and any other drugs to which the federal laws relating to narcotic drugs may now apply, and any drug found by the state board of pharmacy, after reasonable notice and opportunity for hearing, to have an addiction-forming or addiction-sustaining liability similar to morphine or cocaine from the date of publication of such finding by such state board of pharmacy.”
Subsection (14) of Code section 6845 states: “ ‘Federal narcotic laws’ means laws of the United States relating to opium, coca leaves, and other narcotic drugs.” It should be noted that Section 6845(13) (a) defines “cannabis” as a narcotic drug, for the purposes of this act. The FBI agent, on cross-examination by the appellant, stated, “Marijuana is the common name for cannabis sativa.” Thus there can be little doubt that when the legislature included the word “cannabis” in its definition of a narcotic drug, it intended to prohibit the possession of the chemical commonly referred to as “marijuana.” A related interpretation under an earlier statute was made in Harris v. State, 179 Miss. 38, 175 So. 342 (1937). Moreover, the penalty section of the act expressly refers to convictions concerning “nárcotic drugs or marijuana.” Miss.Code 1942 Ann. § 6866(b) (Supp.1966).
A similar case is State v. Economy, 61 Nev. 394, 130 P.2d 264 (1942), where the defendant was ,convicted under an amended information charging that he “did wilfully, unlawfully and feloniously sell narcotic drugs, to-wit, marihuana * * The Court held:
The Uniform Narcotic Drug Act does not mention “marihuana” as a narcotic drug, but in section one it denominates “cannabis” as a narcotic drug and defines it as including “the following substances under whatever names they may be designated: (a) the dried flowering or fruiting tops of the pistillate plant Cannabis sativa L., from which the resin has not been extracted, (b) the resin ex *680 tracted from such tops, and (c) every compound, manufacture, salt, derivative, mixture, or preparation of such resin, or of such tops from which the resin has not been extracted.” Under all authorities this definition embraces marihuana, which is a product of cannabis. Consequently defendant’s demurrer interposed to the amended information on the ground that it did not state a public offense, was properly overruled.
To the same effect are the cases of People v. Savage, 64 Cal.App.2d 314, 148 P.2d 654 (1944), where it was held that “marijuana” is synonymous with cannabis sativa, and People v. Falk, 113 Cal.App.2d 857, 249 P.2d 60 (1952), where the indictment charged the defendant with possession of cannabis sativa, a plant commonly known 'as marijuana. After a chemist identified the substance as being marijuana, the conviction was affirmed. Further, in Koptyra v. State, 172 So.2d 628 (Fla.App. 1965), defendant was convicted of unlawful possession of a certain narcotic drug, cannabis, commonly known as marijuana. The conviction was affirmed itnder a Florida statute, making the unlawful possession of cannabis a felony.
Webster’s Third New International Dictionary page 327 (1961) defines cannabis as:
A genus of tall rough annual herbs * * * having erect stems, leaves with three to seven elongate leaflets, and pistillate flowers in spikes along the leafy stems * * * the dried flowering spikes of the pistillate plants of the hemp — compare * * * MARIHUANA.
It then defines marijuana on page 381 as:
* * * the dried leaves and flower tops of the pistillate hemp plants that are the source of the drug cannabin, and that are sometimes smoked in cigarettes with consequent action of the drug on the higher nerve centers to produce peculiar psychic disturbances * * *
Moreover, subsections (13) (a) of Code section 6845 also makes it unlawful to possess “any other drugs to which the federal laws relating to narcotic drugs may now apply.” The following are a few of the federal laws relating to narcotic drugs specifically mentioning marijuana: 21 U. S.C. section 176a (1958) prohibits smuggling marijuana and adopts the definition of marijuana as set out in 26 U.S.C. section 4761 (1958); 26 U.S.C. section 4744 (1958) relates to the unlawful possession of marijuana without paying transfer tax under the Internal Revenue Code; 46 U. S.C. sections 239a and 239b applies to a denial of the seamen’s document for a conviction of a violation of any narcotic drug act of the United States, District of Columbia, or state or territory of the United States, specifically including marijuana; and, finally, 26 U.S.C. section 4761 (1958) defines marijuana as:
* * * all parts of the plant Cannabis sativa L., whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin * * *.
The penalty section of the act provides that convicts are to be “imprisoned not less than two years nor more than five years” and other imprisonments for longer periods for additional convictions. Miss'.Code 1942 Ann. § 6866 (Supp.1966). We think this is sufficient when read along with Mississippi Code 1942 Annotated section 7922 (Supp.1966) to direct that imprisonment shall be at the Parchman Penitentiary. The later statute provides that “Parchman * * * shall constitute the penitentiary for the custody * * * of all persons convicted of felony in the courts of the State and sentenced thereto.”
Affirmed.
BRADY, INZER, SMITH and ROBERTSON, JJ., concur.