■  EDWIN S. HARRIMAN, Respondent, v. PENN SHIPPING COMPANY, INC., et al., Appellants.— Judgment, Supreme Court, New York County entered May 5, 1971, after trial to a jury, unanimously reversed, on the law, and vacated, the action severed and the complaint against defendant-appellant Penn Shipping Company, Inc., dismissed, without costs and without disbursements, and the case against defendant-appellant Penn Navigation Company, Inc., remanded for trial anew, with costs and disbursements to abide the event. Plaintiff, a seaman aboard a vessel owned by defendant Navigation but operated by defendant Shipping, plaintiff's employer, as Navigation's agent, claimed that he was injured when he slipped on spilled oil and fell, striking his head. Shipping was agent for the disclosed principal Navigation, with no independent role for its own account in either operation or ownership, and there was no basis in the evidence for denial of dismissal as to Shipping. The court's charge as to maintenance and cure was, at the least, confusing, compounded by refusal to admit into evidence hospital records, offered to prove the accomplishment of maximum cure. The court regarded this as a case of absolute liability — indeed, remarking in the jury's presence that "there is a liability here" — disregarding the cogent argument that the mere presence of oil was not *ipso facto* a violation of the "duty * * * to furnish a vessel and appurtenances reasonably fit for their intended use." (*Mitchell* v. *Trawler Racer,* 362 U. S. 539, 550; see also *Pinto* v. *States Marine Corp.,* 296 F. 2d 1.) Further, the court did not permit the defense of contributory negligence to be considered, though established by plaintiff's own testimony. These and other prejudicial errors require a new trial on plaintiff's claims of unseaworthiness and maintenance and cure. Concur — Stevens, P. J., McGivern, Markewich and Tilzer, JJ.; Kupferman, J., concurs in the result.

■  TAURUS, INC. v. BOECK FUEL COMPANY, INC., et al.— Motion for renewal and reargument granted, and, on reargument, the original decision and order of this court on appeal No. 4772 (38 A D 2d 702), entered on January 31, 1972, are recalled and vacated, and the following substituted therefor. Order, Supreme Court, New York County entered August 11, 1971, denying motion to dismiss the complaint by reason of *forum non conveniens,* unanimously reversed, on the law, and the motion remanded to Special Term, Part I, New York County, for the calendar of May 15, 1972, for reconsideration on additional papers, without costs and without disbursements. Plaintiff shall serve such papers no later than May 5, 1972, with answering papers to be served within five days thereafter. When Special Term denied this motion, the applicable law on this subject was as set forth in *Silver* v. *Great Amer. Ins. Co.* (35 A D 2d 317). Plaintiff-respondent, relying on the law as so stated, based its opposition to dismissal solely on its residence in New York, and that factor was sufficient to defeat the motion. We reversed on the basis of *Silver,* as that decision had been reversed in the interim by the Court of Appeals (29 N Y 2d 356), that court having changed the prior existent law so that retention of such a case here becomes a matter of discretion (29 N Y 2d 356, 363). Plaintiff claims that, if given the opportunity, it will submit to Special Term sufficient to justify exercise of discretion to retain the case in New York. Plaintiff should have the opportunity to develop such a record. Plaintiff shall serve such papers no later than May 5, 1972, with answering papers to be served within five days thereafter. Concur — Markewich, J. P., Murphy, McNally, Tilzer and Capozzoli, JJ.