[Crim. No. 4737. Second Dist., Div. Three. Feb. 7, 1952.]

THE PEOPLE, Respondent, v. WILLIAM BARRIOS MONGE, Appellant.

F. Fernandez Solis and Alfred H. Song for Appellant.

Edmund G. Brown, Attorney General, and Frank Richards, Deputy Attorney General, for Respondent.

SHINN, P. J.—Defendant was convicted in a jury trial of possession of heroin, in violation of section 11500 of the Health and Safety Code. He filed an application for probation which was denied and was sentenced to state prison. He appeals from the judgment.

The grounds of appeal are: (1) Insufficiency of the evidence; (2) refusal of instructions on circumstantial evidence; and (3) error in denying the application for probation.

 The evidence in chief of the People consisted of the testimony of Edward Vega, a deputy sheriff of Los Angeles County, and a capsule, discovery of which was described by the witness Vega, the contents of which were identified as heroin by the People's witness, Lacy, a chemist of the sheriff's office. Officer Vega testified that he and Officer Grimes arrested defendant near the corner of Fourth and Bonnie Beach Streets in East Los Angeles. While parked in the neighborhood they saw defendant walking south on Bonnie Beach Street, followed him, arrested him, and ordered him to raise his hands over his head, telling him that he was under arrest.

As he raised his hands defendant dropped an object to the sidewalk. He was taken to the officers' car nearby and thoroughly searched, without any significant discovery. Grimes went to the spot where defendant had been arrested, found an object on the ground near a fence, where Vega picked up a package containing 24 capsules wrapped in cellophane and scotch tape. These were placed in an envelope with identification written thereon. All the capsules were delivered to Lacy and all contained heroin, although but one of them was introduced in evidence. The officer testified that defendant was ordered to raise his hands while both officers were still in the police car and that the package was found in low weeds between the cement sidewalk and the fence at the point where he had seen defendant drop a package. Defendant denied that the object was his own and denied that he had dropped it. At the conclusion of the testimony of Officer Vega, the People rested. Defendant was called and testified in his own behalf. After defendant had concluded his testimony the People called Officer Harold Grimes. It is stated in the reporter's transcript that "he testified in rebuttal." He testified to the circumstances of the arrest, including the finding of the heroin, and his testimony corroborated that given by Officer Vega. His testimony was a part of the People's case in chief, and in no sense rebuttal. No request was made by the People to reopen their case. No objection was made by defendant to this irregular procedure.

It is manifest from this brief recital of the evidence that it was sufficient to justify the verdict.

We note that defendant testified that he was married and had one child, which evidence was stricken out, the court stating, in part: "I can see no difference between a man who is unmarried or a man who is married having narcotics in his possession. The fact a man is married or unmarried is no indication he had not narcotics in his possession." As shown by the record, the evidence was not offered as a defense to the charge of possession, but merely as a circumstance which might have some bearing with the jury as to the likelihood that defendant would violate the law. ■ We think it has always been proper for a defendant to elicit facts concerning his status insofar as it might tend to show responsibilities and relationships which in common experience would operate as a deterrent from the commission of crime. The fact that a defendant is a man of family might under some circumstances avail him nothing, and under other circumstances

operate appreciably in his favor. However slight the benefit might be, we think the defendant should not be deprived of it. But in the present case there was no objection to the ruling, and it is not relied on as error.

■ Defendant requested two instructions on circumstantial evidence, which were refused. The first was that defendant could not be convicted on circumstantial evidence alone unless the circumstances were irreconcilable with his innocence. The testimony of the officers that defendant dropped the package, which he denied, was direct evidence and did not call for an instruction on circumstantial evidence. (*People* v. *Lapara,* 181 Cal. 66 [183 P. 545].) ■ The other instruction was to the effect that of two equally reasonable constructions or interpretations of the evidence, one pointing to guilt and the other to innocence, the latter should be accepted. The instruction is proper only when the People rely in whole or in substantial part upon circumstantial evidence. (*People* v. *De Voe,* 123 Cal.App. 233, 238 [11 P.2d 26]; *People* v. *Marvich,* 44 Cal.App.2d 858, 861 [113 P.2d 223]; *People* v. *Agajanian,* 97 Cal.App.2d 399, 403 [218 P.2d 114].)

The final contention that it was an abuse of discretion to deny probation is without merit. A sufficient answer to defendant's argument is that he stood convicted of possession of a considerable quantity of heroin and offered no explanation as to how he acquired it or what he proposed to do with it. ■ Probation is a matter of clemency, not of right. (*People* v. *Payne,* 106 Cal.App. 609 [289 P. 909].)

The judgment is affirmed.

Wood (Parker), J., and Vallée, J., concurred.