[Crim. No. 4988.   Second Dist., Div. Three.   June 5, 1953.]

THE PEOPLE, Respondent, v. JERROD EDWIN
SHEPHERD, Appellant.

Max M. Solomon for Appellant.

Edmund G. Brown, Attorney General, and Michael J.
Clemens, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted of having in his
possession a preparation of heroin. He appeals from the judg-
ment.  He also appeals from an order denying a motion for
a new trial.  Since the record does not disclose that a motion
for a new trial was made, the appeal from the nonexistent
order will be dismissed.  The claim is that the evidence is in-
sufficient to support the implied finding that defendant had
possession of the heroin.  The claim cannot be sustained.

About 3:30 p.m. on May 19, 1952, a police officer observed defendant as he parked his automobile in front of a residence in Los Angeles. Defendant got out of the car and walked toward the sidewalk. As he did so, the officer left his car, which was two lengths away, and ran toward defendant. Defendant turned, saw the officer, and started to run. The officer called that he was a police officer and ordered defendant to stop. Defendant fell to the ground. As he was going down the officer saw two objects drop from his hand. They fell to the ground to the left of where defendant was lying. The officer placed defendant under arrest and told another officer to pick up the objects, which he did. The objects were bindles of heroin.

At the time of the arrest, one of the officers showed the objects to the defendant and asked him what they were. Defendant replied, "That's my stuff." The officer then asked him if it was marijuana. Defendant replied, "No, it's H." The officer asked, "What do you mean by H?" Defendant replied, "Heroin."

Defendant testified he had purchased the heroin, but had not had possession of it; he had been told by someone where to pick it up—in a rut by the driveway; as he was going to that location to pick it up he was arrested; he did not have it in his car; as he ran on the lawn he slipped and fell as the officers were running toward him; he did not put his hand on any of the bindles and he had not touched them when the officers got them; he did not throw the bindles; he was arrested before he had a chance to pick them up; he did not fall at the place where he was to pick them up; the bindles were seven feet from where he fell.

■ "'Possession' of a chattel is established when it is shown that a person has physical control thereof with the intent to exercise such control, or having had such physical control, has not abandoned it and no other person has that possession (Rest., Torts, § 216)." (*People* v. *Bassett*, 68 Cal. App.2d 241, 247 [156 P.2d 457].) ■ The evidence we have narrated supports the conclusion that defendant had physical control of the heroin with the intent to exercise such control and that no other person had that possession. This meets the requirements of the statute. (*People* v. *Monge.* 109 Cal.App.2d 141 [240 P.2d 432].)

The appeal from the order denying a new trial is dismissed. The judgment is affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.