[Crim. No. 864.   Fourth Dist.   June 18, 1953.]

THE PEOPLE, Respondent, v. HENRY CARBILLIO
OCHOA et al., Appellants.

Henry E. Bianchi for Appellants.

Edmund G. Brown, Attorney General, and Michael J. Clemens, Deputy Attorney General, for Respondent.

GRIFFIN, J.—Defendants and appellants Ochoa, Romero and Ruiz were charged with possession of marijuana, in violation of section 11500 of the Health and Safety Code. Romero admitted two prior felony convictions. A jury verdict resulted in their conviction. Romero was committed to state's prison. Ochoa and Ruiz were sentenced to a term in the county jail and they appealed from the judgment and order denying them a new trial. Romero appealed from the judgment. Subsequently, Ruiz abandoned his appeal and it was dismissed.

The evidence shows that about 12:50 a. m. on August 4, 1952, two police officers were patrolling the east side area of Bakersfield in an automobile. They observed the three defendants on the street and turned their car around and followed them as the defendants were walking in a southerly direction on Tulare Street. The car's headlights were on them. One officer saw Romero throw a package to the ground, and shortly thereafter he observed Ochoa throw one. One officer kept watch over the defendants and the other went back a few feet to the area where the officers had previously seen the packages thrown, and recovered them. The first was a package discarded by Romero and it contained eight marijuana cigarettes. The package discarded by Ochoa con-

tained loose, leafy material identified as marijuana. Defendants were placed under arrest and at the police station were questioned and each denied any knowledge of the contents of the two packages. The linings of the pants pockets of each defendant were taken out and the residue or debris from them was shaken onto separate pieces of paper. The officers examined this residue with a magnifying glass and the particles thereof appeared to them to be marijuana. This residue was then placed in separate envelopes.

A chemist testified that he was a graduate chemist in chemical engineering from Stanford University; that he had run tests to determine whether or not the substance was marijuana and had testified as an expert in such matters in several courts; that he conducted both microscopic and chemical tests of the material from each of the exhibits and in his opinion the material examined from each package was marijuana, and that particles from the debris taken from the pants pockets were "representative of marijuana," i.e., "marijuana particles."

At the trial each defendant denied throwing or having in his possession any marijuana on that occasion. Ruiz did not testify.

On this appeal they do not question the sufficiency of the evidence to support the judgment. They allege certain errors were committed which require a reversal because the record discloses that the case is within the "Close Case Rule." In support of the argument they cite such cases as *People* v. *Weatherford*, 27 Cal.2d 401 [164 P.2d 753] ; and *People* v. *Manchetti*, 29 Cal.2d 452 [175 P.2d 533].

They assign six claims of error committed by the trial court and the prosecuting attorney: (A) That the court erred in permitting the expert to testify in reference to his qualifications. The prosecutor asked the witness if he held any particular credentials from the State Department of Narcotics Investigations. He answered: "I have a letter in my files qualifying me to analyze narcotics." Counsel for defendant moved to strike the answer and the court denied the motion. No objection was made to the form of question, and the answer given was in response thereto. Since the witness was shown to be fully qualified by other evidence, and since counsel for defendants failed to state the ground of his motion or objection, the failure to strike the answer was not prejudicial. (*People* v. *Scalamiero*, 143 Cal. 343 [76 P. 1098].)

(B) It is next claimed that the prosecuting attorney committed prejudicial misconduct in his cross-examination of the defendant Ochoa. On direct examination Ochoa testified that he did not have any marijuana when arrested and that he had not been using marijuana that day. The district attorney, on cross-examination, asked if he had used it before and the defendant answered in the affirmative. He then asked him if he had had marijuana in his possession before and he answered "That is right." He then asked the defendant Ochoa if he would look at the exhibit and see if he knew "what that stuff is." The defendant answered "Yes, . . . that is what you call marijuana, you showed me." It is defendants' argument that this evidence was inadmissible not only because it was evidence of a collateral independent crime but that it did not tend to prove any material facts in reference to the crime charged and that it aroused passion and prejudice against the defendants, citing *People* v. *Albertson,* 23 Cal.2d 550, 578 [145 P.2d 7]. ■ Apparently no objection was made to the questions at the time. No objection may now be made thereto for the first time on this appeal. (*People* v. *Harris,* 98 Cal.App.2d 662, 665 [220 P.2d 812].) In *People* v. *Cole,* 113 Cal.App.2d 253, 258 [248 P.2d 141], knowledge on the part of the accused that the substance found in his possession was marijuana was held to be an element of the crime of violation of section 11500, *supra.* ■ Evidence of the defendant's prior use and possession of marijuana operated to show that he did have knowledge of the character of the material found in his possession on this occasion, and tended to overcome some of the material facts sought to be proved by Ochoa to the effect that the police officers were biased against him under the claim that if any marijuana was found in his possession it was "planted" on him by the police officers. Such cross-examination, therefore, was proper to refute the inference deducible from defendants' direct testimony. (*People* v. *Gin Hauk Jue,* 93 Cal.App.2d 72, 74 [208 P.2d 717]; Pen. Code, § 1323.)

■ (C) In the deputy district attorney's opening argument to the jury he stated: "You have got one man who admits he is a user of narcotics . . ." Objection was made by counsel for defendants on the ground that the statement was prejudicial. A similar statement was made in the closing argument: "Sure, he used the stuff, he has had possession of the stuff before . . ." After making his objection, counsel for defendants said: "I should not have allowed it in the

record to begin with" and the court remarked: "I don't know what you are going to do about it now," indicating that it was too late for counsel to object since the statement of Ochoa was in evidence and the prosecutor could use it in his argument. No prejudicial error may now be claimed in this respect. *People* v. *Duvernay*, 43 Cal.App.2d 823 [111 P.2d 659], is factually dissimilar and would not justify a reversal under the facts here shown.

■ (D) It is next claimed that the deputy district attorney committed prejudicial misconduct in arguing to the jury facts not in evidence. He said in effect that the narcotic field is one of the most difficult to work because a very small quantity can be worth a tremendous amount of money; that:

"The concealed bottom in a suitcase can contains one million dollars worth of drugs; we are told by our custom officials they could get ten times their fees by checking such liners as are coming into this country today. There is no doubt about it, narcotics are coming into this country in such an extent it has been built into a billion dollar business. Today a Prince Albert can of marijuana brings up to one million dollars . . . This stuff didn't fall out of those trees they have got on that street; police officers don't carry that around in their pockets; that stuff is being transported into this country at a tremendous price, there is known traffic in that . . . "

Objection was then made that these statements were prejudicial and had nothing to do with the individual defendants.

It is quite obvious from a reading of the transcript that the deputy district attorney went beyond the evidence in his argument to the jury in respect to the claimed traffic in narcotics and the valuation placed thereon; that he resorted to arguments which were highly objectionable, did not adhere solely to the evidence in the case, and that he should be censured for this conduct. This is particularly true in referring to the argument of Mr. Umann, counsel for defendant Ochoa at the trial, wherein the deputy district attorney, Mr. Farrell, said to the jury:

"You may wonder why I sit here and shudder at this nonsense that has been thrown our way . . . I have had men just as contemptible as Mr. Umann throw this kind of crap at me, and I use that word 'crap' because I am sick and tired of it, and I think, ladies and gentlemen, it is about time that you too got sick and tired of it . . . Smirk if you will, sir." This was followed by the following dialogue: "MR. UMANN:

May I answer that? By THE COURT: Be careful, Mr. Farrell. Mr. UMANN: I will say that in twenty years, this is the first time that anybody ever has made a statement like that to me. I will consider the source. By THE COURT: Just sit down.''

The record does not disclose any justification for this apparent display of unprofessional conduct in the courtroom and a prosecutor has no right to inject into the proceedings by innuendo or otherwise such prejudice against a defendant or his counsel as would prevent a fair and impartial trial. There is no justification for this conduct on the part of the deputy district attorney. (*People* v. *Wells,* 100 Cal. 459, 465 [34 P. 1078] ; *People* v. *Podwys,* 6 Cal.App.2d 71, 76 [44 P.2d 377].)

It should be here noted that the arguments of counsel for the defense were not made a part of the record and were not reported at the trial. It does appear that some of these outbursts were apparently intended as an answer to the arguments of counsel for the defense and may have been, to some extent, invited. This conclusion is reflected in the ruling of the court when an objection was made by the prosecutor to a statement of counsel for one of the defendants to the jury in regard to one of the officers and Ochoa being mutually involved in a shooting affair. The court admonished counsel for the defendants: ''I think you better be careful. If you don't look out you are getting pretty far afield here.''

It does appear from the evidence that the defendants, on the witness stand, endeavored to have the jury believe that the officers were biased toward them; that one of the officers was ''riding'' Romero because of his former record and being on parole at the time; that one officer threatened him by stating that if he did not ''quit hanging around'' a certain bar he was going to make sure that he left town or was sent to prison; that Ochoa was a witness to a shooting incident in which one of the officers was involved and that accordingly these officers ''planted'' the marijuana on these defendants for the purpose of ''getting rid of'' them. It also appears that counsel for defendants did not complain of some of these remarks to the jury at the time they were made and made no motion to strike them or to have the court admonish the jury to disregard them. As to others, a claim of mistrial was made and denied.

The evidence produced against these defendants appears to be substantial and their guilt was proved to the satisfaction of the jury beyond a reasonable doubt. While the conduct

of the deputy district attorney was reprehensible in many respects, it cannot be said, in view of the evidence, that a different verdict would have been rendered had it not been for these claimed errors. In the light of article VI, section 4½ of the Constitution we are unable to conclude that a miscarriage of justice resulted from these errors. (*People* v. *Jackson*, 106 Cal.App.2d 114, 123 [234 P.2d 766]; *People* v. *Salo*, 73 Cal.App.2d 685, 690 [167 P.2d 269]; *People* v. *Hadley*, 84 Cal.App.2d 687, 693 [191 P.2d 517].)

The last claim that the court erred in holding a conference at the bench out of the hearing of the defendants is untenable. One of the counsel for the defendants asked that the respective counsel approach the bench. Some discussion off the record occurred. The presence of the reporter was mutually waived. Later, the court admonished the jury to disregard the "tossing of one of the exhibits by the district attorney during his argument." In support of the claimed error appellants cite *People* v. *Southack*, (Cal.App.) 241 P.2d 558. A hearing was granted in that case and the Supreme Court decision is reported in 39 Cal.2d 578 [248 P.2d 12]. The statement in the former opinion is no longer the law. Judgment and order affirmed.

Barnard, P. J., and Mussell, J., concurred.