[Crim No. 5002.   Second Dist., Div. Three.   Oct. 26, 1953.]

THE PEOPLE, Respondent, v. LESTER PAUL BATWIN, Appellant.

826

F. Vernon Brumbaugh and Robert P. Dockeray for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

VALLÉE, J.—Defendant was convicted of unlawfully having marijuana in his possession. He appeals from the judgment and the order denying his motion for a new trial. The marijuana was found in the home of defendant and his wife. Defendant asserts that possession was not established in that there was no evidence he had any knowledge of the presence of the marijuana in the house or that he had any control over it.

On October 8, 1952, several police officers had defendant under observation at his residence in Los Angeles. On three occasions defendant left the house, went out into the street and returned into the house. On the third occasion, one of the officers approached him and called him by his first name. Defendant ran for the door of the house and slammed it in the face of the officers. The officers then forced entry into the house. Defendant and his wife were there. Defendant was standing nearer the hallway leading into the bathroom than was his wife. On entering, one of the officers heard the sound of rushing water. He went into the bathroom, saw water moving in the toilet bowl and marijuana floating on the surface of the water and around the bowl. He also found a jar with 100 milligrams of marijuana on the wash basin. The officers found several packages of wheatstraw cigarette papers in a drawer of a closet in the bedroom.

Defendant's wife testified: She heard a banging and pounding on the front door and somebody said it was the police; she ran to the bedroom, got a jar of marijuana and started throwing it down the toilet and spilled some; the jar was kept in a drawer in a wardrobe closet; she had not at any time told defendant she had the jar; she had concealed it from him; she kept the marijuana for her own use and smoked

it; she had had it a few days; she was not selling it; this was the first time she had used it; she was pregnant and somebody told her it would help her sleep; she did not say anything to the officers about the marijuana belonging to her at the time they arrested defendant. Defendant testified: When the officers were banging on the door he told his wife it was the police; in the house one of the officers asked him if the marijuana was his and he told him it was not. He denied having any knowledge of the presence of marijuana in the house and of his wife's using it. He also denied that he saw any of the officers outside of the house.

█ Possession of a narcotic is established when it is shown that a person has physical control thereof with the intent to exercise such control, or having had such physical control has not abandoned it, and no other person has that possession. (*People* v. *Shepherd*, 118 Cal.App.2d 346, 347 [257 P.2d 992].) Knowledge of the facts is an essential element of the offense of the possession of a narcotic. █ The prosecution must establish that the defendant had knowledge of the presence of the article and that it was marijuana. (*People* v. *Gory*, 28 Cal.2d 450, 456 [170 P.2d 433]; *People* v. *Cole*, 113 Cal.App.2d 253, 258 [248 P.2d 141].) █ The essential facts may be shown by circumstantial evidence and reasonable inferences that may be drawn therefrom.

█ The marijuana was in defendant's home in a readily accessible place. A large number of cigarette papers were there. When defendant was called by his first name, he ran into the house and slammed the door in the face of the officers. When the officers entered the house, he was standing nearer the bathroom than his wife. A reasonable inference from defendant's occupancy of the premises and the other circumstances shown by the evidence is that defendant knew that the marijuana was in the house and that he had physical control of it with the intent to exercise such control. (*People* v. *Salo*, 73 Cal.App.2d 685 [167 P.2d 269]; *People* v. *Brown*, 92 Cal.App.2d 360 [206 P.2d 1095].) This satisfies the statute. (*People* v. *Monge*, 109 Cal.App.2d 141 [240 P.2d 432].)

█ The trial judge stated he was satisfied defendant and his wife were not telling the truth. He did not have to believe their testimony. (*People* v. *Mitchell*, 91 Cal.App.2d 214, 219 [205 P.2d 101]; *People* v. *Klinkenberg*, 90 Cal.App.2d 608, 626 [204 P.2d 47, 613].)

█ In addition to the charge of possession of marijuana,

defendant was charged with a prior conviction of robbery, which he denied. The prosecution offered no proof of this charge. On cross-examination, defendant was asked if he had been convicted of robbery in Los Angeles County on November 8, 1950. He replied that he had been. No other evidence of the alleged prior conviction was produced. The court found it was true that defendant had been convicted of robbery. Before judgment was pronounced, defendant moved for a new trial. The motion was denied and judgment pronounced on the charges of possession and the prior conviction. Later the same day and before the judgment had been entered by the clerk, the court modified the judgment by striking any reference to the prior conviction *nunc pro tunc* as of the time of the arraignment for sentence. The sentence imposed was thus for possession of marijuana only. Defendant asserts the court erred in striking the reference to the prior conviction from the judgment. ■ The testimony of defendant on cross-examination that he had been convicted of robbery was not proof of the allegation of the information with respect to the prior conviction. It was available to the prosecution for the purpose of impeachment only. (*People* v. *Carrow*, 207 Cal. 366, 368 [278 P. 857].) ■ The error, if any, was in defendant's favor. A judgment will not be reversed for error which is favorable to the defendant. (4 Cal.Jur.2d 502, § 620.)

The judgment and order appealed from are affirmed.

Shinn, P. J., and Wood (Parker), J., concurred.