[Crim. No. 5159.    Second Dist., Div. Two.    May 11, 1954.]

THE PEOPLE, Respondent, v. CABINO PEDROZA, Appellant.

Cary G. Branch for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MOORE, P. J.—The sole question posed on this appeal is whether the court erred in refusing to instruct the jury on the law as it relates to circumstantial evidence.

■ Appellant was arrested while in a room which contained heroin which was in the possession of appellant at the time the officers entered. Appellant admitted prior narcotic and robbery convictions; he "does not challenge the sufficiency of the evidence" to support the judgment here on appeal. He contends, however, that the evidence is not direct but circumstantial in regard to his possession of narcotics and he contends that the jury should have been instructed as to the meaning of circumstantial evidence. He concedes that if the evidence adduced against him by the prosecution had been believed by the jury, he would have been convicted, but he contends that the evidence is such that if the jury had been properly instructed, he would not have been convicted.

Conceding, *arguendo*, that the evidence was circumstantial, this fact would not necessarily have induced a verdict of acquittal. But the evidence was not circumstantial. It was direct. The officers entered room 336 in the Y.M.C.A. at San Pedro, occupied at the time by appellant and one Marrato. Appellant stood a foot from the window; Marrato was behind the door. Appellant at once made a backward swing of his arm, as if to throw out a light colored object. A small square piece of paper containing brown powder lay on a table. Officer Steele folded the paper with the powder, sealed it and enclosed it in a large envelope. Officer Harvey descended to the ground below the window and after a search finally discovered a rubber latex bag tied in a knot. The bag was also sealed in an envelope and booked at the property desk of the Harbor Division of the Los Angeles Police Department. In response to the inquiries of the officers, one of the men stated that the powder on their hands was talcum. A search by the officers disclosed no talc in the room.

Two days later, Officer Dill conversed with appellant at the jail. The latter at first stated that he knew nothing of the "stuff" the officers had found. But a half hour later while Officer Dill and Sergeant Logue were transporting appellant and Marrato, appellant freely and voluntarily told them the powder was his and that he had thrown the latex bag out the window; that he had been in the room "to paper the stuff up." Police Chemist Joncich with a university degree and 700 experiences in testifying as an expert testified how he had run a series of tests on the brown powder and had concluded that it contained heroin. His tests on the contents of the latex bag revealed them to be heroin.

Such proof is not circumstantial. It is all direct evidence.

The arresting officers found appellant in possession of the powder. Its analysis proved it to be heroin after having been carefully kept under seal, until it was delivered to the chemist Joncich. Where a suspect at the time of his arrest moves as though he were throwing something out of a window and the officer retrieves an object and has it analyzed by a competent chemist and the latter testifies the contents of the castaway package are heroin, and the defendant admits he threw the package out, and the jury believes such testimony, the accused is thereby convicted on direct evidence of having violated section 11500 of the Health and Safety Code. (*People v. Monge*, 109 Cal.App.2d 141 [240 P.2d 432]; *People v. Agajanian*, 97 Cal.App.2d 399, 403 [218 P.2d 114].) In such event there is no need for instructions on circumstantial evidence. Therefore, it was not error to reject instructions with reference to circumstantial evidence.

The judgment and order denying appellant's motion for a new trial are affirmed.

McComb, J., and Fox, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 9, 1954. Traynor, J., and Schauer, J., were of the opinion that the petition should be granted.