[Crim. No. 2992. First Dist., Div. Two. June 21, 1954.]

THE PEOPLE, Respondent, v. THOMAS W. FONG, Appellant.

Walter H. Duane for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Raymond Momboisse, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Appellant was tried before a jury on six counts—counts 1 to 4, possession of narcotics in violation of section 11500 of the Health and Safety Code; count 5, maintaining an establishment where narcotics were unlawfully sold, given away or smoked in violation of section 11557, Health

and Safety Code; and count 6, possession of a firearm capable of being concealed on the person by a noncitizen. Appellant was found guilty on counts 1, 2, 3, 4, and 5, and not guilty on count 6. Motion for new trial was denied as to counts 1 to 4 and granted as to count 5. Judgment was entered sentencing appellant to imprisonment on the first four counts, violation of section 11500 of the Health and Safety Code. He appeals from the judgment and from the order denying a new trial.

On March 24, 1952, at about 9:30 p. m., two officers of the Narcotic Detail of the San Francisco Police Department went to an apartment house at 1540 Hyde Street, San Francisco, and sought admittance to apartment 7. They rang the doorbell and as there was no response forced their way into the apartment where they found a complete set of opium-smoking equipment, consisting of mats, headrests, pipe, lamps and all paraphernalia used for smoking opium. They also found quantities of opium, yen shee, dolophine and heroin, estimated to be worth somewhere between five and twenty thousand dollars. The officers then phoned headquarters requesting additional officers, who were sent out to meet them, whereupon the first two officers left 1540 Hyde Street and went to 1919 Larkin Street, where, after searching a rear apartment and finding no narcotics, they proceeded to the front apartment where they found Thomas Fong with a woman companion. Fong was searched and several keys were taken from him. Fong was placed under arrest and he and his companion taken to the Hyde Street apartment. Of the three keys found in Fong's watch pocket, one was discovered to fit the front door of the apartment house at 1540 Hyde Street, another the door of apartment 7 in that building, while another key Fong was carrying unlocked a tin box containing narcotics which was found in apartment 7 at 1540 Hyde Street. Fong denied that the apartment was his but the manager of the apartment house, who was questioned by the police when they returned with Fong, identified Fong as the man who rented the apartment and paid the rent.

Appellant bases his appeal on the following grounds:

(1) The evidence was insufficient to sustain the judgment.

(2) The court erred in admitting incompetent and inadmissible evidence over the objection of appellant in rebuttal.

(3) The court erred in refusing to give to the jury an instruction proposed by appellant.

(4) Misconduct of the district attorney.

We shall answer these questions in the order raised.

■ (1) The charge in the first four counts was "possession." The arresting officers found in the defendant's apartment a large quantity of opium, heroin, and other drugs, with pipes and other paraphernalia for smoking opium. The defendant was searched in another apartment and had on his person three keys—one to the apartment house first visited by the police; one to the separate apartment where the narcotics were found, and one to a tin box found in that apartment and which contained a supply of narcotics. No further evidence of possession was necessary.

■ (2) The gist of the objection is that it was not proper redirect examination to question a witness regarding defendant's statement as to his residence at 1919 Larkin Street at the time of the raid. This had been put in doubt by defendant's testimony. The questions objected to showed an admission of such residence by the defendant to the witness called in rebuttal. There was no error, and the testimony could not have possibly prejudiced the appellant.

■ (3) That the court erred in refusing to give appellant's proposed instruction reading: "If you find from the evidence that the defendant possessed a key to the Hyde Street apartment, the possession of such key is but a mere suspicion that he possessed the narcotics found in the premises." But appellant has failed to comply with rule 33, Rules on Appeal, requiring that when an appellant relies on the refusal to give a requested instruction, he must include in the transcript the instructions actually given. ■ Moreover the proposed instruction was not sound law. The possession of the key to the apartment was more than a suspicion of the possession of the narcotics found therein. It was one of the several facts in evidence which would support an inference, not a mere suspicion, that defendant had possession of the contents of the apartment.

■ (4) The claim of misconduct on the part of the district attorney is frivolous. The charge is based on the district attorney's persistence in questioning and arguing with respect to drugs found in a search of other premises at a date almost a year after the alleged offense, although the results of the search had been ruled inadmissible by the court. The questioning on this point was assigned as misconduct in the court below and the court instructed the jury to disregard the testimony. When the matter was referred to in his closing

argument no objection was made and no misconduct assigned. This precludes an assignment of misconduct on this appeal.

Judgment and order affirmed.

Dooling, J., and Kaufman, J., concurred.

A petition for a rehearing was denied July 6, 1954, and appellant's petition for a hearing by the Supreme Court was denied July 21, 1954.