[Crim. No. 958. Fourth Dist. June 23, 1954.]

## THE PEOPLE, Respondent, v. ROBERT B. SALDANA, Appellant.

James Penney, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Alan R. Woodard, Deputy Attorney General, for Respondent.

BARNARD, P. J.—The defendant was charged with possession of marijuana in violation of section 11500 of the Health and Safety Code. He was further charged with a prior conviction of the crime of smuggling and concealing marijuana, on which he served a term in a federal prison. The public defender was appointed to represent him. He pleaded not guilty, and admitted the prior felony conviction. The jury found him guilty and he personally filed notice of appeal from the judgment. He has been ably represented on this appeal by counsel appointed by this court.

The appellant occupied a two-room house in the rear of a house occupied by his sister and her husband, Louis Rocha. Officers searched this two-room house and found two Prince Albert tobacco cans and a brown paper sack, all of which contained seeds or leafy fragments of marijuana. They also found a whiskey bottle and an envelope containing marijuana in a small shed outside this rear house. They also found a paper sack containing marijuana hidden behind the wallpaper in a lean-to garage at the rear of these premises. Particles of marijuana were also found in several places in an automobile found in this garage. This automobile was owned by Rocha but there was evidence that the appellant had recently used it.

Appellant's first contention is that the court committed prejudicial error in admitting into evidence the articles above mentioned with their contents. It is argued that a proper foundation for their admission was not established since they were not shown to have been in the appellant's possession, and that Rocha testified that he had placed these various items throughout his premises. The finding of these various articles containing marijuana in and about the residence of the appellant, and in an automobile used by him, was material to the issues being tried. (*People* v. *Rumley*, 100 Cal.App.2d 6 [222 P.2d 913].) The question of whether the appellant had knowledge of them was one of fact for the jury to determine from all the evidence in the case. At the time these articles were admitted in evidence Rocha had not testified, and no prejudical error appears in the admission of this evidence.

It is further contended that the evidence was insufficient to support the verdict in that it was not sufficient to show that the appellant had possession and knowledge of these narcotics. *People* v. *Gory*, 28 Cal.2d 450 [170 P.2d 433]; *People* v. *Sinclair*, 129 Cal.App. 320 [19 P.2d 23]; and *People* v. *Barnett*, 118 Cal.App.2d 336 [257 P.2d 1041], are cited in support of this contention. In the first of these cases, the judgment was reversed because of the lack of proper instructions although it was held that the evidence was sufficient. The other two cases involve very different facts from those here appearing.

There was considerable other evidence here, in addition to that above referred to. The officers also found a number of articles of clothing in the bedroom of this rear house. The appellant stated to the officers that part of these belonged

to him and part were borrowed. When questioned about these clothes the appellant said: "If there is anything found in those pockets, it belongs to me" and "If there is any grass found in those pockets, it belongs to me." It was found, on examination, that seven of these articles of clothing contained leafy material of the marijuana plant.

A conversation was had that same day between two officers, the appellant, and his sister Mrs. Rocha. The appellant said to Mrs. Rocha "You know that I am doing a year now on this other deal . . . you know if I take the rap on this stuff found here, that I will go to the joint for a long time . . . Louis has no record, and he could probably get a county jail sentence if he took the rap." Mrs. Rocha then asked one of the officers to tell her husband to plead guilty, and was told to tell him herself. When the appellant was informed that Rocha had told one of the officers that the stuff belonged to appellant he did not directly deny this but said that Rocha knew who it belonged to, and that if the officer checked into it far enough he would find out who it belonged to. The appellant admitted that he had recently used Rocha's car on a couple of days. While two officers were taking the appellant and Rocha to the arraignment the appellant said to Rocha "Man, you know that I have just got out of McNeill, and if I take the rap on this stuff that I will go back to the joint for a long time . . . You know whose stuff it is . . . why don't you take the rap on it all and you will get a county jail sentence?" Rocha replied, "I am not going to take the rap for anybody else. That's not my stuff and you know it."

The appellant did not take the stand. The only defense witness was Rocha, who testified that he had pleaded guilty to the possession of this marijuana; that his wife had talked to him about pleading guilty; that the marijuana seeds were his; that an Indian doctor at Ensenada "recommended me the seeds for my kidney trouble"; that he got this marijuana for that purpose; that a boy he met gave him a paper bag with some seeds and two Prince Albert cans full of seeds also in the bag; that when he first got this paper bag he threw it in the rear of his car and it spilled all over the back seat; that he did not know how marijuana got in the front seat; that he knew that the appellant used his car sometime while he was in the hospital; that when he got home he put the seeds in the whiskey bottle and put the bottle in the pocket of the leather jacket, where it was found; that he

put the tobacco cans in the rear house, one in the sewing machine but could not remember where he put the other; and that when the officers first showed him these various articles he told them that he knew nothing about them, and did not tell them that he was using the marijuana for medical purposes.

For obvious reasons the jury did not believe all of Rocha's testimony. While it might be that there was some joint possession of this marijuana, the evidence as a whole, with the reasonable inferences therefrom, is sufficient to support the verdict. (*People* v. *Bigelow,* 104 Cal.App.2d 380 [231 P.2d 881]; *People* v. *Batwin,* 120 Cal.App.2d 825 [262 P.2d 88].)

The judgment is affirmed.

Griffin, J., and Mussell, J., concurred.