[Crim. No. 1319.    Fourth Dist.    Dec. 16, 1957.]

THE PEOPLE, Respondent, v. JULES JOSEPH PEDES-CLAUX, Appellant.

William O. Hogan, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

MUSSELL, J.—Defendant was charged with the crime of possession of a narcotic (heroin) in violation of Health and Safety Code, section 11500. It was further alleged in the information that he had been previously convicted of the crime of illegal sale of marijuana, a felony. He entered a plea of not guilty and admitted the prior conviction. A jury found the defendant guilty of the offense charged and he appeals from the judgment of conviction. The sufficiency of the evidence to support the verdict and judgment is not questioned.

On October 18, 1956, at approximately 3 o'clock a. m., Detective Sgobba of the San Diego Police Department, while conducting a search of a hallway in the Yesmar Hotel in San Diego, found under the hall carpet a small package, about one-quarter inch wide, one inch long and a fraction of an inch thick. Sgobba took this package to the vice squad office and upon analysis in the crime laboratory, it was found to contain the narcotic heroin. Sgobba took the package back to the hotel at about 8:30 p. m. on the same day and replaced it under the hallway carpet where he first found it. He hid in a closet about eight feet from the package and left the door slightly ajar ''to see who, if anybody, would come to pick up the bindle.'' About 15 minutes later he heard footsteps coming down the hall and saw the defendant walk to the end of the hallway, stoop down, lift the carpet and look under it. At the sound of footsteps in the hall, defendant immediately dropped the carpet and walked away. When the sound of the footsteps could no longer be heard, the defendant returned, lifted the carpet, picked up the package and started to walk away. Sgobba then came out of the closet and placed the defendant under arrest.

At the police station defendant said, ''You fellows planted me because I looked there this morning and that bindle wasn't there.'' He also stated that as he was walking along the hall, he felt something under the rug with his foot, and that he bent over and picked it out from under the rug. Marks were observed on defendant's arms which appeared to be the same as found on the arms of admitted heroin users and defendant admitted that he was ''a week end user'' of heroin. At the trial he testified he was walking along the hallway on his way to the fire escape when he noticed the carpet was not

tacked down and felt something like cellophane under foot; that his curiosity was aroused, so he raised the carpet; that he replaced it when he heard the sound of footsteps and thought that it might be the landlord or one of the employees; that the sounds were made by a sailor and his lady; that when they had gone, he raised the carpet, saw the package, picked it up, and was arrested; that he did not know the package contained heroin.

Defendant's first argument is that the trial court committed prejudicial error in refusing to admit testimony showing the circumstances surrounding the arrest of an unknown person at 3 a. m. on October 18, 1956, at the time the police searched the hallway in the hotel and found the package of heroin. Defendant argues that such evidence was material in support of his contention that he was unaware of the contents of the package found in his possession. We find no reversible error in the trial court's rejection of this offered evidence.

As was said in *People* v. *Monson*, 102 Cal.App.2d 308, 313 [227 P.2d 521]: "In order to predicate error on sustaining objections to a question it must appear to be relevant and material and its materiality must be so patent that injury will be presumed from the adverse ruling." (See also *People* v. *Spreckels*, 125 Cal.App.2d 507, 514 [270 P.2d 513].)

It does not appear that the defendant was present at the time of this arrest or was in any way connected with it. He was not charged with ownership but with possession of the narcotic and the evidence upon which his conviction is based related only to the incident testified to by Officer Sgobba. Under the circumstances shown, there was no abuse of discretion in the ruling of the trial court in this connection.

Defendant's next contention is likewise without merit. It is that the court erred in refusing to give an instruction to the effect that wherever there is circumstantial evidence as to the guilt of the defendant, if the jury finds from the evidence any other reasonable hypothesis other than guilt, they must find the defendant not guilty. In *People* v. *Monge*, 109 Cal.App.2d 141, 144 [240 P.2d 432], the court, in considering the refusal of a similar offered instruction, said:

"The other instruction was to the effect that of two equally reasonable constructions or interpretations of the evidence, one pointing to guilt and the other to innocence, the latter should be accepted. The instruction is proper only when the People rely in whole or in substantial part upon circumstantial evidence."

The record shows that the defendant was convicted principally on the evidence of Detective Sgobba who observed the actions of the defendant when he lifted up the carpet in the hallway of the hotel and picked up the package containing heroin. This was direct evidence of the commission of the crime charged and it was therefore unnecessary to give an instruction on circumstantial evidence. (*People* v. *Pedroza,* 125 Cal.App.2d 144, 146 [269 P.2d 921].) Furthermore, the instructions given by the court are not included in the transcript herein, and the defendant having failed to comply with rule 33, Rules on Appeal, cannot here rely on the refusal of the court to give the requested instruction. (*People* v. *Fong,* 126 Cal.App.2d 118, 121 [271 P.2d 551].)

Judgment affirmed.

Barnard, P. J., and Waite, J. pro tem.,* concurred.

*Assigned by Chairman of Judicial Council.