[Crim. No. 6256. Second Dist., Div. Three. Dec. 30, 1958.]

THE PEOPLE, Respondent, v. ROSCOE SMITH, Appellant.

John H. Marshall and Ritter & Klein for Appellant.

Edmund G. Brown, Attorney General, and Morris Schachter, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged with unlawfully possessing heroin. In a nonjury trial, he was convicted. He appeals from the judgment and the order denying his motion for a new trial.

 Appellant asserts that the evidence was insufficient to support the judgment.

Officer Beeson testified that on November 28, 1957, he received information from a confidential informant that appellant was dealing in narcotics in the area of Jefferson and San Pedro Streets, that appellant met his contacts at a pool hall, and that he gave the stuff to them in front of the pool hall; the informant gave the name of appellant, and described his appearance, and said that he drove a 1947 Cadillac sedan car and that the left rear windwing of the car was missing. He testified further that on November 29, 1957, he received information from another informant that on said day about 6 p.m. appellant had sold 20 "balloons" to five persons at 35th and San Pedro Streets, that appellant always went around the corner for another sale just before the pool hall closed, that appellant had a "stash" at 35th and Trinity Streets, and a "stash" near 29th and Paloma Streets. He testified further that about 12:30 a.m. on November 30 he saw appellant driving a black 1947 Cadillac sedan car and that the left rear windwing of the car was missing; at that time one Williams and one Brown were with appellant, who was driving the car; he (witness) and Officer Appleton followed appellant's car until it stopped near 35th and Trinity

Streets; after waiting about a minute, the officers approached the car, and then appellant was in the street walking toward his car; appellant entered the car on the driver's side of the car and shut the door; the appellant and the two other persons (Williams and Brown) were arrested and searched by Officer Appleton; Officer Beeson (witness) was of the opinion that Brown was under the influence of heroin at that time; Officer Appleton removed a paper bag from the lining of the front seat on the driver's side of the car; the bag contained 10 "balloons"; when the officer opened the bag, the appellant said: "What is that stuff? I don't know where it came from. I never used dope. I don't have anything to do with it."

Officer Appleton testified that on December 13, 1957 (about two weeks after the arrest), when he was with Officer Brady, he stopped the appellant and "shook him down" to see if he had any narcotics in his possession. Then appellant asked if he might speak to Officer Appleton alone. After Officer Brady had gone to the police car which was about 20 feet away, appellant said to Officer Appleton: "You know, it is getting close to Christmas time. I would like to take care of you and the fellow that was with you the other night." After Officer Appleton asked what he meant, he said, "Well, I would like to give you and your partner some money." When Officer Appleton asked him how much it was worth to him, appellant said, "Well, I would see that each one of you got five bills." Officer Appleton said: "Well, when can my partner and I get together with you and talk about it?" Appellant said, "No, I am not going to talk to both of you at the same time because you would have grounds for a bribery case then."

The 10 "balloons" were received in evidence. Officer King, a chemist, testified that three of the "balloons" contained heroin.

Appellant testified that prior to his arrest on November 30, he had been to a drive-in café and had parked his car there without locking the doors or windows; he was away from the car about half an hour, and there were many persons at the café; when he left the café, Bloom and Brown were in the front seat of the car with him; after he had stopped near 35th and San Pedro Streets to urinate and had returned to the car, the officers stopped him; that night he was driving a 1947 Cadillac; a window of the car had been broken out, and the lining of the front seat of the car had been torn and was hanging open about 6 inches; he did not have any narcotics in his possession when he was arrested on November 30, and

he did not know anything about narcotics being in his car; on December 13 he did not have a conversation with Officer Appleton such as that related by Officer Appleton concerning the giving of money to the officers.

Appellant argues that there was no proof of knowledge on his part that any narcotic was in the car; and that other persons who were in or near the car could have placed the narcotic there. It was established that heroin was found in the torn lining of the front seat on the driver's side of the car, and the appellant was the owner and driver of the car. ▪ The evidence regarding the offer of a bribe by appellant might be considered by the trial judge as an admission tending to show consciousness of guilt. In *People* v. *Velarde*, 45 Cal. App. 520 [188 P. 59], it was claimed that the court erred in permitting an arresting officer to testify that soon after the arrest the defendant offered money to the witness (officer) if he would release the defendant. In that case the court said at page 529: ''Such evidence, like evidence of flight, is admissible as an admission tending to show consciousness of guilt. It is not to be supposed that one who is innocent, and conscious of the fact, will resort to bribery.'' ▪ In the present case, whether the appellant knew that the narcotic was in his car was a question of fact for the determination of the trial judge. The evidence was sufficient to support the judgment.

The judgment and the order denying the motion for a new trial are affirmed.

Shinn, P. J., and Vallée, J., concurred.

A petition for a rehearing was denied January 13, 1959, and appellant's petition for a hearing by the Supreme Court was denied February 25, 1959.