[Crim. Nos. 8181, 8182. Second Dist., Div. One. Jan. 28, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GARY LEE LEWIS, Defendant and Appellant.

(Two Cases.)

Kenneth Foley for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Gilbert F. Nelson, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—The appeals by defendant in this case are from "the judgment and sentence and the denial of his motion for a new trial" in two separate cases, each involving a charge of possessing a narcotic (marijuana).

In our case No. 8181 the defendant, on March 14, 1960, was charged in Los Angeles County in an information with possessing a narcotic. He was found guilty as charged on April 27, 1960. On May 18, 1960, the proceedings were suspended and defendant was granted probation for three years. A part of the terms of the probation were that the defendant obey all laws.

In our case numbered 8182 the defendant was charged in an information filed in Los Angeles County on May 25, 1961, with possessing a narcotic (marijuana). It was further charged that the defendant had suffered a prior conviction of violating the provisions of section 11530, Health and Safety Code, on April 27, 1960. Defendant pleaded not guilty and denied the prior conviction. The cause was submitted upon the transcript of the testimony taken at the preliminary hearing and other evidence. Defendant was found guilty as charged and the charge of a prior conviction was found to be true. On November 14, 1961, sentence was imposed, the term to run concurrently with the sentence imposed in our case numbered 8181.

On the same date the defendant was found to be in violation of his probation granted in our case numbered 8181 and such probation theretofore granted was revoked and defendant was sentenced to the state prison for the term prescribed by law.

A résumé of some of the facts with reference to our case numbered 8182 is as follows: Officer Gilson of the Los Angeles Police Department and his fellow officer Denver were

patrolling the streets in the vicinity of 14th and Oxford Streets at about 5:45 a.m. on April 29, 1961. There had been a number of vehicle thefts in that area just prior to the date and time mentioned. The officers observed a parked car with the door open on the driver's side. The defendant was between the main body of the parked car and the open door standing in the street. He appeared to be searching in the back seat area of the automobile. The police car was driven to a point immediately opposite the defendant, whereupon one of the officers asked the defendant where he lived and what he was doing there. The defendant then straightened up, observed the police, appeared startled and made a throwing motion as though he had thrown something to the pavement under the parked car. No one was present at the time except the officers and defendant. Officer Denver immediately went to the point toward which the throwing motion had been made and found and picked up a wrapped cigarette and a foil-wrapped package containing white pills. There was no debris upon the street at the point where the contraband was found. The cigarette was located about one foot from the place where the defendant was standing and under the car at a point below the frame of such car. It was stipulated at the hearing that the cigarette contained marijuana. The officers thought at the time that the cigarette contained marijuana and questioned the defendant. When shown the pills and asked, "What are these?" the defendant replied, "They are bennies," and when asked how he knew, the defendant stated that he had seen them before. When shown the cigarette he stated: "I don't know what it is."

He further said in effect that he had just come from the Red Hut on Western Avenue and that he was on his way to work at the Valentine Cleaners on Pico Street, a few blocks from where the car was parked. He also stated that his car was parked at the point where he was standing because he had lost some money and was trying to find it. The defendant was taken to the police station. On the way to the station the defendant offered to give the officers $18 if they would let him go—stating that he had been arrested for narcotics violations in the past and that he did not want to go to jail—he also stated that he would give the officers additional money if they would "just let him out of the police vehicle and let him go free." The defendant admitted at the time of trial to the making of the offer to bribe the officers.

The defendant testified that he had stopped the automobile

to search for some money which was missing from his pocket and while searching he found a can of ale and had just opened it as the officers drove up, although he said that he did not drink or smoke. When asked, at the time he was accosted, who owned the automobile he stated that it was his. At the trial he stated that the automobile belonged to his girl friend. He was asked for some identification at the time of his arrest and it developed that he had moved from the address shown on whatever he used as identification. It was admitted by the defendant that he had been arrested for burglary and the possession of narcotics on previous occasions.

The appellant now asserts that the evidence was insufficient to support a conviction of possessing a narcotic and that the court erred in revoking the probation theretofore granted in our case numbered 8181.

A reading and review of the testimony, the evidence and the inferences to be drawn therefrom, leave no doubt that the evidence was sufficient to sustain the conviction. (See *People* v. *Coleman*, 100 Cal.App.2d 797 [224 P.2d 837]; *People* v. *Salas*, 17 Cal.App.2d 75 [61 P.2d 771]; *People* v. *Monge*, 109 Cal.App.2d 141, 143 [240 P.2d 432]; *People* v. *Sweeney*, 66 Cal.App.2d 855, 857 [153 P.2d 371]; *People* v. *Physioc*, 86 Cal.App.2d 650, 652 [195 P.2d 23]; *People* v. *Agajanian*, 97 Cal.App.2d 399 [218 P.2d 114]; *People* v. *Shepherd*, 118 Cal. App.2d 346 [257 P.2d 992]; *People* v. *Fuller*, 188 Cal.App.2d 466 [10 Cal.Rptr. 420].)

█ The fact that the officers did not see an object or items leave the defendant's hand is not controlling. Under the particular circumstances of this case the officers could not have seen any object leaving the hands of defendant for the car door was between them and the defendant. The officers did, however, see the defendant make the motions which he did make and immediately thereafter the officers found the contraband in the area where the defendant was standing. █ Furthermore the defendant took the witness stand and made many conflicting statements and admitted that he had tried to bribe the officers on the way to the police station. The evidence of the bribery attempt tended to show consciousness of guilt. (*People* v. *Velarde*, 45 Cal.App. 520, 529 [188 P. 59]; *People* v. *Smith*, 166 Cal.App.2d 616, 619 [333 P.2d 440].) Also it was proper to consider the defendant's previous convictions for narcotics violations. (*People* v. *Antista*, 129 Cal. App.2d 47, 50-51 [276 P.2d 177]; *People* v. *Weire*, 198 Cal. App.2d 138, 144 [17 Cal.Rptr. 659].)

This court should not interfere with the determination made by the trial judge under the circumstances as here presented.

The defendant makes no contention that the evidence was not sufficient to sustain a conviction in our case numbered 8181. The defendant was granted probation in that case, although he apparently had been in difficulty before. He abused the privilege of probation and violated the law in several respects. Probation therefore was properly revoked.

The judgment in our case numbered 8181 and the judgment in our case numbered 8182 are and each of the same is affirmed.

Wood, P.J., and Lillie, J., concurred.